[S. F. No. 6934. Department Two.—July 26, 1916.]

SCHWERIN ESTATE REALTY COMPANY (a Corporation), Respondent, v. JOSEPH SLYE et al., Appellants.

VENDOR AND VENDEE — TIME AS ESSENCE OF CONTRACT — DEFAULT OF VENDEE—FORFEITURE.—Where a contract for the sale of land, the purchase price of which was payable on a specified date, expressly provided that time was of the essence of the agreement, and that the failure of the vendee to perform should operate as a forfeiture of all his rights, leaving installments of the price previously paid in the possession of the vendor as liquidated damages, no affirmative act on the part of the vendor was necessary to place the vendee in default, and the failure of the vendee to pay within the time limited automatically terminated all of the vendor's obligations in law and equity.

ID.—TENDER OF PERFORMANCE BY VENDEE—RIGHT TO RECOVER INSTALLMENTS PAID—LAND IN OCCUPANCY OF TENANTS AT WILL.—Under such contract, the vendee in order to be entitled to recover back installments of the purchase price paid, should have made a tender of the balance due and should have demanded performance by the vendor, and was not excused from so doing, on the theory that the vendor was not in a position to deliver possession of the land and was therefore in default, by the fact that at the time performance was due a part of the land was in the occupancy of tenants at will of the vendor.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

T. W. Hubbard, for Appellants.

J. J. Lermen, for Respondent.

MELVIN, J.—Plaintiff sued to quiet its title to certain real property in San Mateo County. Defendants answered, setting up certain contracts of sale upon which they had paid to plaintiff five thousand dollars on account of the purchase price of the land. In the answer it was averred that the consideration for the five thousand dollars wholly failed because plaintiff was not by itself in possession of the land, but that the premises were held by divers persons who had

growing crops thereon; and because plaintiff had failed to account for certain receipts and disbursements as stipulated in the contracts. There was a cross-complaint by which the writings between the parties to the action were set up, and the inability of the vendor to give possession of the land on account of the occupancy and use thereof by other persons was pleaded as well as the failure of plaintiff to account to defendants as provided by the contract. The prayer of the cross-complaint was for five thousand dollars, and the cross-complainants asked that the amount of any judgment which might be given in their behalf should be made a lien on the property. Issue was joined on all of the allegations of the cross-complaint, and in its answer the Schwerin Estate Realty Company denied that it was not in possession of all of the lands involved, denied its inability to deliver possession thereof, and affirmatively averred that on the 20th of February, 1913, which was the last day for the performance of the contract by the vendees, said vendor was and had been ever since and continuously had been up to March 28, 1913, ready, able, and willing to deliver to defendants possession of the whole of the land described in the contracts, if said defendants would keep and perform their part of the agreement. The Schwerin Estate Realty Company also denied the allegation that it had not rendered an account as called for, but, on the contrary, alleged that it had fully kept and performed all of its part of the agreement. After trial of the issues the court gave judgment quieting plaintiff's title to the property and denying any relief under the cross-complaint. Defendants prosecute their appeal from the judgment.

It is admitted that defendants neither alleged nor proved their readiness, willingness, and ability at any time to perform their part of the contracts of sale, and respondent insists that such failure is fatal to their cause of action. The original contract between the vendor and Messrs. Slye and Condon called for a completion of the transaction by November 20, 1912. Appellants not having performed the agreement on their part, another contract was executed extending the time, and appellants paid three thousand dollars on the purchase price in addition to the one thousand dollars previously deposited. A further extension was granted on payment of an additional sum of one thousand dollars and an

agreement dated January 18, 1913, was executed. By its terms February 20, 1913, was made the date of final payment. Time was expressly made of the essence of the agreement of January 18, 1913, and failure to perform by defendants, under the terms of said contract, would work a forfeiture of all rights of the vendees leaving the sums previously paid in the possession of the vendor as liquidated damages. We cannot escape from the conclusion that by failing to prove their readiness, ability, and willingness to perform their part of the contract within the time limited therein the defendants utterly failed to establish their right to any relief. The finding of the court in this behalf is that:

"Said defendants Joseph Slye and L. H. Condon have failed to prove or assert that on the said 20th day of February, 1913, or at any time thereafter, or at any other time, they or either of them offered to perform the obligations of said contracts upon their part to be kept or performed, or that at any of said times they, or either of them, were able or willing to perform the said obligations of the said contracts upon their part to be kept or performed."

Under the terms of the contract no affirmative act on the part of the vendor was necessary to place the vendees in default. It expressly made failure to comply with its terms within the time limited "by the parties of the second part" (Slye and Condon) an automatic termination of all of the vendor's obligations in law and equity. Of this agreement it may be said, just as Mr. Justice Henshaw said in *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1–16, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]: "In the case at bar the payment of the final amount under the contract, at the time and in the manner agreed upon was a condition precedent to the right of the vendee to demand a conveyance. Upon his failure to make payment the vendee committed a breach and no affirmative act upon the part of the vendor was necessary to bring about this result."

But respondent as late as March 28, 1913, tendered a deed and offered to put defendants in actual possession of the property upon payment of the balance of the purchase price. If the vendees had desired to consummate the contract or to recover back their deposit they should have made a tender of the balance due and should have demanded performance by the vendor. Not having done this they are not in a

position to demand the relief for which they have prayed.
(*Griesemer* v. *Hammond,* 18 Cal. App. 535–540, [123 Pac.
818]; *Oursler* v. *Thacher,* 152 Cal. 739–745, [93 Pac. 1007];
*Skookum Oil Co.* v. *Thomas,* 162 Cal. 539–544, [123 Pac. 363];
*List* v. *Moore,* 20 Cal. App. 616–622, [129 Pac. 474].)

The position taken by defendants seems to be that because
a part of plaintiff's land was occupied by tenants at will on
February 20, 1913, plaintiff was not in a position to put
them in possession of the land and was therefore in default.
But as we have seen, under the terms of the contract, de-
fendants were to be the first actors by proffering payment
of the balance of the purchase price. Of course, if the ven-
dor had placed the property in such a condition that it could
not convey title according to the terms of the contract, the
vendees might have been relieved of the necessity of tender
of the money or of a showing of willingness on their part to
perform, but it is not denied—indeed it is admitted—that
plaintiff had title to the land. Persons, admittedly tenants
at will, were in occupancy of part of the land, but that did
not justify the vendees in saying, in effect, to the vendor,
"when you evict these people and present us a deed, then
we will talk to you about payment." Since the contract was
one by which their rights were automatically terminated by
their failure to tender the purchase money, it was of the very
essence of their case that the vendees should show an ability
and willingness to perform on their part and prevention of
performance by the vendor. They showed neither because
the mere presence of the tenants at will on the land did not
prove the vendor's inability to comply with the terms of the
contract of sale.

However, the court found that the tenants were not claim-
ing the right to remain upon the land, and that at all times
on and after the 20th of February, 1913, they were ready on
demand to surrender possession of the parts of the property
which they respectively occupied. This finding was based
upon the testimony of Deferrari, a witness for defendants, a
gardener who with certain associates was engaged in market
gardening on the land. These men were working the prop-
erty on shares, and the enterprise was conducted in the name
of the witness who owned the largest interest therein. With-
out reviewing it in detail we may say that this evidence was
sufficient to support the finding.

The finding that plaintiff and cross-defendant complied with the requirement for an accounting was also supported, but in reality the matter of an accounting was a false quantity in the case. By a supplemental contract of January 20, 1913, it was agreed that "upon the final consummation of the purchase . . . according to the terms of the attached contract" (the agreement of sale) an accounting should be rendered by the vendor to the vendee showing the moneys collected after November, 1912, by the former from various holders of contracts of purchase of lots, and showing also the amount of the corporation's payments or obligations to pay on account of certain specified indebtedness. The giving of this account was not made a condition precedent to the offer on the part of vendees to perform. However, on February 20, 1913, plaintiff's counsel did send an accounting which was obviously intended to comply with the requirements of the agreement of January 20th. Appellants contend that the account rendered was not in compliance with the supplemental agreement, but in their pleadings they do not specify its infirmities, nor did they allege or prove any objection on their part ever offered to its form or substance. Even if we should regard the accounting as a necessary part of the vendor's offer of performance (and we do not) we should be bound to hold that by failing to offer objections to it the vendees waived its infirmities. (Civ. Code, sec. 1501.)

It follows from the foregoing that the judgment must be affirmed, and it is so ordered.

Henshaw, J., and Lorigan, J., concurred.

. Hearing in Bank denied.