[L. A. No. 4461.   Department One.—November 14, 1918.]

THOMAS G. DRIPS, Respondent, v. A. MOORE, Defendant and Appellant; JAMES F. McKINNEY et al., Defendants.

CONTRACTS—SALE OF LAND—DEFAULT IN PAYMENT—LACK OF WAIVER.— Under a contract of sale of land in which time is made of the essence and which provides that, in the event of the buyer's failure to comply with its terms, the seller shall be released from all obligations to convey the property, and the buyer shall forfeit all his rights thereto and to all moneys paid, the seller's demands for payment of overdue interest or his forbearance to exercise his right of forfeiture does not constitute a waiver of the buyer's default.

ID.—NOTICE OF FORFEITURE—EVIDENCE.—Even if acts of forbearance by the seller, under a contract of sale of land, led the purchaser to believe that further leniency in making an overdue payment of interest would be granted, the effect thereof was destroyed by a notice in writing served by the seller upon the buyer that unless payment was made by a certain date, his rights under the contract would be forfeited, and such notice was competent to show a revival of the right or termination of an alleged waiver.

ID.—ASSIGNMENT OF CONTRACT—BURDENS OF ASSIGNEE.—Where a contract to sell land was assigned and the assignee claimed the benefits thereof, the latter was subject to its burdens as fully and to the same extent as though he was the original party to it, and the seller had the right, for noncompliance with its terms, to declare all his rights secured thereby forfeited, and it was not necessary to serve notice of forfeiture on the assignors.

ID.—EVIDENCE—NONSUIT.—In an action to quiet title to property, where the defendant set up a contract of purchase of the land which had been assigned to him, and under which his asserted rights were claimed, it devolved upon him to show a compliance with the contract, or, where his answer showed he had failed to comply, to prove, as alleged, that plaintiff had waived such want of compliance, and in the absence of such proof, the trial court properly denied a motion for nonsuit made after it was stipulated that plaintiff was the owner of the property in suit at the time of the execution of the contract of purchase.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

George H. Woodruff, Clyde C. Shoemaker, and A. Moore, in pro. per., for Appellant.

Carter, Kirby & Henderson, for Respondent.

VICTOR E. SHAW, J., pro tem.—In this action plaintiff, by a complaint in the usual form in such cases, sought a decree quieting his title to a tract of land.

Judgment went for plaintiff, from which and an order denying his motion for a new trial, defendant Moore appeals.

By answer Moore denied the material allegations of the complaint and, as a separate defense, alleged that on October 18, 1913, plaintiff was the owner of the land in question, at

which time he and his wife entered into a contract with James F. and Pearl I. McKinney, whereby they agreed to sell and the McKinneys agreed to buy the property in accordance with the terms of such contract; that on December 31, 1913, the McKinneys, for a valuable consideration, duly assigned all their right, title, and interest in said contract to defendant Moore, who entered into possession of the property, which consisted of an orange grove, in the care of which Moore employed plaintiff, paying him wages for the service rendered; that said contract contained a provision as follows: "It is understood and agreed that time is of the essence of this contract, and in the event of a failure to comply with the terms thereof by the buyer, then the seller shall be released from all obligations in law and equity to convey said property and the buyer shall forfeit all right thereto and to all moneys theretofore paid under this contract." That all the terms of the contract required to be performed on the part of the McKinneys and their assignee have been duly performed, except that an installment of interest, due and payable on October 18, 1914, had not been paid as required by the terms thereof; that notwithstanding such requirement, plaintiff waived the default; that defendant is ready, able, and willing to pay said installment of interest, and offers to pay the same, followed by a prayer that "plaintiff be required to permit said defendant to pay said interest and that it be declared that said contract is an existing valid agreement."

For want of sufficient evidence to support the same, appellant attacks the finding of the court to the effect that plaintiff did not waive, or by his acts, conduct, or otherwise excuse the failure on the part of the defendant to pay the interest due on the contract on October 18, 1914. This contention is based upon testimony of defendant to the effect that upon the making of default in the payment of said interest plaintiff did not *at once* give notice that the former's rights were forfeited, but, while continuing to care for the property, he on several occasions after October 18th asked defendant to pay the interest then due and discussed with him the possibility of making a sale of the property in order to enable him to pay it; and further requested defendant to pay his personal taxes out of moneys due from defendant to plaintiff on account of disbursements made by plaintiff in caring for the orchard, to all of which demands for payment defendant

told plaintiff that he was endeavoring to raise the money. It cannot be said that plaintiff's demands for payment or his forbearance to exercise his right of forfeiture pursuant to the provisions of the contract constituted a waiver thereof. Indeed, we find no evidence whatever tending to show the alleged waiver by plaintiff, but conceding plaintiff had by his acts of forbearance led defendant to believe that further leniency in making the payment would be granted, all grounds for entertaining such belief were destroyed by the notice in writing served by plaintiff upon defendant on November 4th to the effect that, unless said payment was made by December 1st, his rights under the contract would, as therein provided, be forfeited. As to this notice, appellant insists that it was improperly admitted as rebuttal evidence, over his objection. Appellant's defense was based upon the theory that plaintiff by his acts waived the prompt payment of the interest, and conceding, but not holding, 'this to be true, the evidence with reference to the notice was competent to show a revival of the right or termination of the alleged waiver, and that if defendant did not within the reasonable time specified therein make such payment, the right to forfeiture would be exercised. (*Stevinson* v. *Joy,* 164 Cal. 279, [128 Pac. 751], and cases therein cited.) There is no merit in the contention that the agreement contemplated noncompliance with *all* the terms of the contract as a condition upon which the right to forfeiture should be exercised.

Moore, having by assignment acquired the contract and claiming the benefits thereof, was subject to its burdens as fully and to the same extent as though he was the original party to it; hence plaintiff, for noncompliance with its terms, might declare all his rights secured thereby forfeited. Nor, since the McKinneys had transferred all their interest, was it necessary to serve the notice of forfeiture upon them. They had no interest to which the act of forfeiture could apply.

As shown by the pleadings, plaintiff was the owner of the property on October 18, 1913, which fact was also stipulated at the trial; whereupon plaintiff rested. Defendant then moved for a nonsuit, which was denied, and this ruling is assigned as error. Since defendant's rights were based upon the contract, it devolved upon him to show a compliance therewith, or, since it appeared from his answer he had failed to comply, to prove, as alleged therein, that plaintiff had

waived such want of compliance. This being true, and in the absence of any evidence of such alleged waiver, the court properly denied his motion for nonsuit. There are no other points which merit consideration.

The judgment and order are affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.