[Civ. No. 2602.    First Appellate District, Division One.—December 14, 1918.]

FRESNO IRRIGATED FARMS COMPANY (a Corporation), Respondent, v. STAVROS CANUPIS et al., Appellants.

VENDOR AND VENDEE—CONTRACT FOR SALE OF REAL ESTATE—DEFAULT OF VENDEE—RIGHTS OF VENDOR.—When time is made of the essence of a contract for the sale and purchase of real estate, that provision will be enforced both in law and equity unless waived expressly or by the conduct of the vendor; and upon a breach of any of the conditions, such as failure to make a payment, the vendee, at the option of the vendor, forfeits all right in and to the contract, and to all payments made, and the vendor may without notice to the vendee commence suit either to quiet title or in ejectment for the purpose of establishing judicially that the vendee has forfeited his rights to the contract and no longer has any interest in and to the property described therein.

APPEAL from a judgment of the Superior Court of Fresno County.    George E. Church, Judge.    Affirmed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellants.

L. L. Cory for Respondent.

THE COURT.—This is an appeal by defendants from a judgment in favor of the plaintiff in an action to quiet title.

On July 10, 1912, an agreement was entered into between the plaintiff and defendants for the purchase and sale of certain real property in Fresno County, for the sum of three thousand dollars, payable in installments. By the express terms of the contract time was made of the essence thereof. This suit was brought for the purpose of quieting the title to the land in question against any claim of the defendants. They answered setting up the contract, upon which they were in arrears, as a defense to the action. The case came on for trial, and upon the evidence and stipulation of counsel as to certain facts a judgment was awarded in favor of plaintiff, from which the defendants prosecute this appeal.

The only question raised thereby is whether or not an action to quiet title was proper under the circumstances of the case. It is the contention of the appellants that there was no evidence of the breach other than failure to pay an overdue installment, and that under the circumstances the plaintiff should have resorted either to an action to rescind, or should have notified the defendants in advance that the contract was terminated before an action to quiet title could be initiated.

As we view it, this is no longer an open question in this state. The authorities establish a contrary doctrine. The action was commenced on May 24, 1916. It is shown by the statement introduced in evidence that a large sum of money was due upon the contract at the time of the initiation of the action, also that the defendants had been in arrears in their payments for over two years prior to that time. As we have said, it is provided in the contract that time is of the essence thereof, and that in the event the defendants failed to comply therewith the plaintiff should have the right to terminate the contract, and should also have the right to enter upon the property and take immediate possession thereof, and in the event of any such failure the defendants were to surrender

to the plaintiff the land and premises without delay or hindrance. At the time of the trial it was admitted by the defendants that no payments other than those referred to in the statement above mentioned had been made, at which time it was also stipulated between the attorneys as follows: "That the defendants, at the time of the commencement of the action, were in default in making the payments specified in the contract and had not complied therewith, and that there was only one question to be determined by the court herein, i. e., whether the plaintiff could bring this suit to quiet title without taking some affirmative action to forfeit the contract because of the default of the purchasers; and that the case was to be submitted to the court for decision upon that one question alone."

In the case of *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], this court had occasion to consider and definitely settle the respective rights and liabilities of a vendor and vendee upon contracts similar to the one in question. A very late case, which seems identical in principle with the case at bar, is that of *Schwerin Estate Realty Co.* v. *Slye*, 173 Cal. 170, [159 Pac. 420]. In that case, as here, the plaintiff sued to quiet title to certain property. The defendant answered, as here, setting up certain contracts for the purchase and sale of the property, upon which they were in default. The supreme court, in discussing this case, says: "We cannot escape from the conclusion that by failing to prove their readiness, ability and willingness to perform their part of the contract within the time limited therein the defendants utterly failed to establish their right to any relief. . . . Under the terms of the contract no affirmative act on the part of the vendor was necessary to place the vendees in default. It expressly made failure to comply with its terms within the time limited 'by the parties of the second part' (Slye and Condon) an automatic termination of all of the vendor's obligations in law and equity. Of this agreement it may be said, just as Mr. Justice Henshaw said in *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1–16, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713] : 'In the case at bar the payment of the final amount under the contract, at the time and in the manner agreed upon, was a condition precedent to the right of the vendee to make a conveyance. Upon his failure to make payment the

vendee committed a breach, and no affirmative act upon the part of the vendor was necessary to bring about this result.' '' (See, also, *Newhall Land & Farming Co.* v. *Burns,* 31 Cal. App. 549, [161 Pac. 14] ; *Champion G. Min. Co.* v. *Champion Mines,* 164 Cal. 213, [128 Pac. 315] ; *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539, [123 Pac. 363] ; *Hay* v. *Casey,* 30 Cal. App. 570, [159 Pac. 726] ; *Oursler* v. *Thacher,* 152 Cal. 739, [93 Pac. 1007].)

From these decisions it would seem to be settled that when time is made of the essence of such a contract that provision will be enforced, both in law and in equity, unless waived expressly or by the conduct of the vendor; that upon a breach of any of the conditions, such as failure to make a payment, the vendee, at the option of the vendor, forfeits all right in and to the contract, also to all payments made, and that no affirmative action is necessary on the part of the vendor; that, without notice, an appropriate suit may be commenced by the vendor, either to quiet title or in ejectment, for the purpose of establishing judicially that the vendee has forfeited his rights to the contract and no longer has any interest in and to the property described therein.

The judgment is affirmed.