[Civ. No. 3907. Second Appellate District, Division One.—January 27, 1923.]

## S. E. CATTERLINE, Respondent, v. ORA A. PETERSON et al., Appellants.

[1] VENDOR AND VENDEE — DEFAULT WITHOUT EXCUSE—MUTUAL RESCISSION—RECOVERY OF PAYMENTS.—A vendee cannot, after being in default without legal excuse therefor, recover from the vendor the amount paid by the vendee on the contract if the vendor was in nowise in default on his part of the contract, except where there has been a mutual rescission or an abandonment of the contract by the parties thereto. After the vendee's breach, the vendor may agree to a mutual abandonment and rescission, in which case only there may be a recovery.

[2] ID.—TERMINATION OF RIGHTS OF VENDEE—DUTY TO GIVE NOTICE.—In the absence of an express provision in the contract of the parties to the contrary, on a default by the vendee, without legal excuse for such default, whether by waiver on the part of the vendor or otherwise, the vendor is under no obligation to give notice to the vendee of his termination of his rights under the contract; but if the vendee, in fact, has been in default, a notice that the contract is terminated is proper, and the vendor is no longer bound either to convey the land or refund the purchase price.

[3] ID.—TERMINATION OF RIGHTS—CONSTRUCTION OF FORM OF NOTICE.—After the vendee has made default without legal excuse, neither a notice by the vendor to the effect that, because of failure on the part of the vendee to comply with the terms of the contract, the latter will not be permitted to take possession of the premises until such time as satisfactory arrangements have been made with the vendor, and that the vendor will insist on strict compliance with that provision of the contract making time its essence, nor a subsequent notice by the vendor to the effect that by reason of the fact that the vendee has failed to pay installments, the vendor declares that the vendee's interest in the property is terminated in accordance with the terms of the contract, can be held to constitute a rescission or abandonment or cancellation of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

1. Rights and liabilities of vendor and purchaser by conditional sale on default of payment, notes, 133 Am. St. Rep. 563; 32 L. R. A. 455; 38 L. R. A. (N. S.) 891; 51 L. R. A. (N. S.) 251.

The facts are stated in the opinion of the court.

William R. Barnes for Appellants.

Jones & Weller for Respondent.

HOUSER, J.—The parties entered into a contract on the fifth day of August, 1920, by the terms of which defendant Ora. A. Peterson agreed to purchase from the plaintiff a house and lot in the city of Los Angeles for the sum of $4,500, payable $500 in cash on the execution of the agreement and $60 each month thereafter until the balance of the purchase price was paid. The vendee paid on account $676.66 and thereafter, having failed to make payments promptly as provided by the terms of the contract, on January 31, 1921, the vendor served upon the vendee the following notice:

"Ora A. Peterson,
    "212 Center Street,
        "Venice, California.

"With reference to our contract dated August 5th, 1920, this is to notify you that on account of your failure to comply with the terms thereof, you will not be permitted to take possession of the premises therein described until such time as satisfactory arrangements have been made with me.

"And you are further notified that in the future I shall insist upon strict compliance with that 'provision of the contract which makes time of its essence and that payments shall be made promptly as the same fall due.

"Dated this 31st day of Jan., 1921.
                        "S. E. CATTERLINE,
                    "By DANA R. WELLER, Atty.,
                    "500 Union League Bldg., L. A."

On April 6, 1921, the vendor served on the vendee another notice, copy of which is as follows:

"Ora A. Peterson,
    "212 Center Street,
        "Venice, Calif.

"You are hereby notified that on account of your failure to pay installments in accordance with the terms of your contract dated August 5th, 1920. for the purchase of Lot 210, Chesterfield Square, in the City of Los Angeles, I have

elected to and do hereby declare all your interest in said property terminated, in accordance with the terms of said contract.

"Dated this 6th day of April, 1921.

"S. E. CATTERLINE,

"By DANA R. WELLER, His Atty."

Shortly thereafter action was brought by plaintiff against both defendants to quiet title. Defendants answered and, in addition thereto, filed a cross-complaint by which they sought to recover from plaintiff all moneys paid by them to plaintiff on account of the purchase price of the property contracted to be sold to them.

The court finds, among other things: "That the defendant did not keep or perform all of the obligations of said agreement on her part to be performed; that the plaintiff did keep and perform the obligations on his part to be performed by the terms of said agreement. That said defendant Ora A. Peterson did not perform each and all of the covenants in said agreement contained, and was not at all times mentioned in her cross-complaint, ready and willing to perform each and every covenant therein contained. That the plaintiff has not failed or refused to comply with the conditions of said agreement, and was not required by the terms thereof to permit said defendant to take possession of said premises or to collect the rent thereof. That the plaintiff did not on the sixth day of April, 1921, or at any other time, rescind or abandon said agreement or retake possession of the premises therein described, and did not notify said defendants that the contract was abandoned or determined, but that plaintiff did not notify said defendant O. A. Peterson that her interest in said property was terminated by reason of her failure to comply with the terms of said agreement. That the installments of the purchase price as required by the terms of said contract were not paid by the defendant Ora A. Peterson in accordance with the terms thereof."

Counsel for appellant very pointedly states in his brief that the only question for determination is whether the purchase agreement was abandoned by either of the parties. [1] The cases are so numerous as to require no citation to the effect that a vendee cannot, after being in default without legal excuse therefor, recover from the vendor the

amount paid by the vendee on the contract when the vendor was in nowise in default on his part of the contract, except where there has been a mutual rescission or an abandonment of the contract by the parties thereto. After the vendee's breach, the vendor may agree to a mutual abandonment and rescission, in which case only there may be a recovery. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539 [123 Pac. 363].) It is conceded by counsel for respondent that had the contract been rescinded or had it been abandoned, the vendee would be entitled to recover the payments made. So much being settled, at least by agreement of counsel, if not by the decisions of this state, the only question to determine is, Do the two notices served by plaintiff on defendant Ora A. Peterson show an abandonment or a rescission of the contract? In *Glock* v. *Howard & Wilson Colony Co., supra,* where a similar contract was involved, the court in pointing out what are the several rights of a vendor of real estate in such circumstances, said that one of his remedies was to rest upon his contract, remain inactive, yet retain to his own use the moneys paid by the vendee, and as "an incidental matter . . . call the vendee into a court of equity and compel him to show why all his rights under the contract should not be held to be at an end. The vendor when he prosecutes such an action does so to cut off the possibility of any future claim by the vendee to equitable relief, which might embarrass or cloud his title." That is what respondent contends he did in this case.

[2] The law appears to be well settled that, in the absence of an express provision in the contract of the parties to the contrary, on a default by the vendee, without legal excuse for such default, whether by waiver on the part of the vendor or otherwise, the vendor is under no obligation to give notice to the vendee of his termination of his rights under the contract. (*Commercial Bank* v. *Weldon,* 148 Cal. 608 [84 Pac 171]; *Champion Gold Mining Co.* v. *Champion Mines,* 164 Cal. 205 [128 Pac. 315]; *Schwerin Estate Realty Co.* v. *Slye,* 173 Cal. 170 [159 Pac. 420]; *Newhall L. & F. Co.* v. *Burns,* 31 Cal. App. 549 [161 Pac. 14].) But "if the vendee, in fact, has been in default, a notice that the contract was terminated would have been proper, and the ven-

dors would 'be no longer bound, either to convey the land or
refund the purchase money. Such notice would have been
in strict accord with the contract'' (citing cases). (*Lemle
v. Barry,* 181 Cal. 10 [183 Pac. 150].)

The case of *Oursler* v. *Thacher,* 152 Cal. 739 [93 Pac.
1007], is exactly in point herein. It shows a contract of
sale on installments; default by vendees; a notice by vendor
to vendees containing, among other things, the following:
''Wherefore, we, the undersigned, A. R. Oursler and Cle-
mente Salazar, parties of the first part in said bond, do
hereby declare said bond to be forfeited and all of your in-
terest in the property therein and hereinaf⟨t⟩r described to
be terminated.'' The vendor brought an action to quiet title;
the vendees answered and filed a cross-complaint for moneys
paid by them to vendor under the terms of the contract.
In the course of the decision the court said: ''The stipu-
lated facts here warrant no inference but the one that plain-
tiffs have done no more than to insist that *under the terms
of the contract* defendants had no further rights under such
contract, but had forfeited all such rights. Their notice of
forfeiture and demand for possession of the mining prop-
erty were strictly in line with this claim, and were in no sense
a repudiation or abandonment of the contract or a consent to a
rescission thereof, . . . The bringing of the action to quiet
title was an act of the same character. Practically, it
amounted to no more than the calling of the defaulting ven-
dees into court to show why it should not be decreed that
under the terms of the contract all their rights thereunder
were at an end. In the absence of some sufficient equitable
showing to excuse their failure to comply with the terms of
the contract, plaintiffs, while standing on their contract,
were entitled to such a decree, so as to cut off the possi-
bility of any future claim by the vendee to equitable re-
lief, which might embarrass or cloud his title.''

The case of *Champion Gold Mining Co.* v. *Champion
Mines, supra,* also involved a principle of law similar to that
in this case. There a mining property had been sold on
the same plan pursued in this case, that is, on the install-
ment plan. The vendee had breached the contract by not
making the payments agreed upon and, after some negotia-
tions, as here, the vendor, a corporation, at a regular meet-
ing of the board of directors thereof, adopted a resolution

containing, in part, the following: "Now, therefore, it is hereby resolved, that said agreement be, and it is hereby terminated and canceled, and B. W. Shoecraft, secretary of this corporation, be and he is hereby authorized and directed for and on behalf of this corporation, and as its act and deed, to immediately take possession of all the properties of this corporation covered by said contract." A certified copy of the resolution referred to was delivered to the vendee. Some subsequent attempt to adjust conditions between the parties proved unsuccessful, and the *vendee* instituted an action to recover possession of the property and damages for the detention thereof. In holding that plaintiff (the vendee) could not recover, the court said, in part: "We do not understand that any notice was essential to terminate plaintiff's rights under the contract. Its default, unexcused and not waived, *ipso facto* terminated those rights, and practically the only effect of the resolution was to express the determination of defendant corporation not to waive such default and that the contract was, by reason of the default, terminated, and to authorize the designated officer for and in its name to retake possession."

[3] It is a general rule that there is no presumption in favor of an abandonment and that clear proof thereof will be required. Appellant has made no argument, either in his brief or orally, to sustain his claim that the language contained in either or both of the notices herein set forth will bear the construction for which he contends. All that the first notice contains is a statement to the effect that, because of failure on the part of the defendant to comply with the terms of the contract, she would not be permitted to take possession of the premises until such time as satisfactory arrangements had been made with plaintiff; also that thereafter plaintiff would insist on strict compliance with that provision of the contract which made time its essence, etc. Surely there can be nothing so far which in any manner could be construed as an abandonment of the contract on the part of plaintiff. On the contrary, it would appear that plaintiff, far from suggesting or even contemplating an abandonment, is insisting on enforcing the provision of the contract so that "payments shall be made promptly as the same fall due." The substance of the second notice is that by reason of the fact that defendant Ora

A. Peterson has failed to pay installments, plaintiff declares that Ora A. Peterson's interest in said property is terminated in accordance with the terms of the contract. It will be noticed that plaintiff did not say that he rescinded or abandoned or canceled the contract or that the contract was at an end. He rather contented himself with notifying defendant that her interest in the property was terminated, just as was done in the case of *Oursler* v. *Thacher, supra,* where the vendors, by their notice to vendees, declared "said bond to be forfeited, and all your interest in the property therein and hereinafter described to be terminated." There is nothing which would indicate that the contract was to be canceled, or that it was rescinded; but there is a clear intimation that plaintiff considered defendant's rights in the property itself had been forfeited by reason of her breach of the contract. In the opinion of the court, there was no rescission or abandonment of the contract by plaintiff. He stood squarely and firmly on the terms of his written contract; he was not in default at any time with reference to anything by him to be done or performed. On the other hand, the vendees were in default; they showed no inclination to abide by the terms of their obligation to plaintiff; there was no legal excuse for their conduct because of waiver on the part of plaintiff or otherwise; consequently they are in no position to recover any moneys paid to plaintiff on account of the purchase price.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.