[Civ. No. 4605.  First Appellate District, Division Two.—August 17, 1923.]

## PARL L. PINKERTON et al., Appellants, v. A. W. MORTON, Respondent.

[1] VENDOR AND VENDEE — MUTUAL RESCISSION—PLEADING.—In an action by vendees of real property to recover moneys paid on the purchase price thereof, a complaint alleging that the defendants "claim that they have rescinded" the contract between the parties, and then alleging that the defendants have "forfeited all of the plaintiffs' rights therein, and in and to all of the money paid by plaintiffs," fails to allege a mutual rescission.

[2] ID.—RESCISSION—ESSENTIALS—RESTORATION OF CONSIDERATION.— It is essential to a rescission that the parties be put *in statu quo* and that the consideration received by the party rescinding be restored.

[3] ID.—DEFAULT OF VENDEE—FORFEITURE—PLEADING.—Rescission cannot be predicated upon an allegation of forfeiture as a result of the default of the vendee.

[4] ID.—FORFEITURE — REMEDIES OF VENDOR.—In insisting upon the forfeiture the vendor is not treating the contract as at an end, as in rescission, but is standing upon its terms.

[5] ID.—RESCISSION—POSSESSION BY VENDORS—PLEADING.—In such an action, an allegation in the complaint that the "defendants, without notice, took possession of the premises and refused to recognize any rights of plaintiffs in said land or in said contracts," fails to plead a rescission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. T. Quinn and Elmer E. Robinson for Appellants.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

NOURSE, J.—Plaintiffs sued to recover $3,714.10 alleged to have been paid defendants on account of the pur-

---

1.  Right of vendee in contract for sale of real property to recover payments, note, L. R. A. 1918B, 540.

chase of a piece of real property in San Diego County. A demurrer to the fourth amended complaint was sustained without leave to amend and from the judgment following plaintiffs appeal.

The amended complaint alleged that on April 10, 1913, the parties entered into a written contract for the purchase of the property for the full sum of $7,164.60 under the following terms: $3,250 to be paid upon execution of the agreement, $978.65 before April 10, 1915, and a like sum on or before April 10th of the years 1916, 1917, and 1918, with interest on the deferred payments at seven per cent a year payable annually. Upon the completion of these payments defendants were to deliver their deed conveying the property to plaintiffs. It was alleged that the first payment of $3,250 was made upon the execution of the contract and that two payments of interest were made—on April 10, 1914, and on April 10, 1915. On April 10, 1915, the defendants executed and delivered to plaintiffs their agreement in writing extending the time of payment of the installment due April 10, 1915, for a period of one year. "During the year 1916" the defendants, without notice, took possession of the premises and refused to recognize any rights of plaintiffs in said land or in said contracts and "assert and claim that they have rescinded said contract of sale and forfeited all of the plaintiffs' rights therein, and in and to all of the money paid by plaintiffs." The allegation that plaintiffs performed all the covenants and conditions of the contract is immediately followed by the allegation that before the commencement of the action plaintiffs demanded from defendants the return of the sum of $3,714.10, "the amount of money paid by plaintiffs to defendants under and by virtue of the said contracts." In this connection it should be stated that the amended complaint was verified on November 28, 1919, and filed December 2, 1919, over a year and a half after the last payment should have been made under the contract.

The demurrer to the amended complaint is both general and special, but it will be necessary to consider merely the grounds upon which it is asserted that the complaint fails to state a cause of action. Though the time of the rescission, if it was such, is indefinitely pleaded, the appellants concede in their brief that the acts of the re-

spondent looking to a forfeiture occurred after appellants' default on April 10, 1916. As to the allegation of performance, appellants assert that we must treat this as mere surplusage "because plaintiffs are not relying upon a compliance, upon their part, of the terms of the contract."

The supreme court said in *Schwerin Estate Realty Co.* v. *Slye*, 173 Cal. 170, 172 [159 Pac. 420, 421]: "We cannot escape from the conclusion that by failing to prove their readiness, ability, and willingness to perform their part of the contract within the time limited therein the defendants utterly failed to establish their right to any relief." Again, in the same case it was said: "If the vendees had desired to consummate the contract or to recover back their deposit they should have made a tender of the balance due and should have demanded performance by the vendor. Not having done this they are not in a position to demand the relief for which they have prayed. (*Griesemer* v. *Hammond*, 18 Cal. App. 535–540 [123 Pac. 818]; *Oursler* v. *Thacher*, 152 Cal. 739–745 [93 Pac. 1007]; *Skookum Oil Co.* v. *Thomas*, 162 Cal. 539–544 [123 Pac. 363]; *List* v. *Moore*, 20 Cal. App. 616–622 [129 Pac. 474].)"

Appellants insist that there is something different in this case from those cited because their complaint alleges that the "defendants assert and claim that they have rescinded said contract." From this it is argued, inferentially, that performance was excused. It is true that mutual rescission of a contract of this nature excuses performance by either party and entitles the vendee to a return of the moneys paid. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 13 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Gaume* v. *Sheets*, 181 Cal. 119, 123 [183 Pac. 535].) [1] But this complaint fails to allege mutual rescission. The allegation that the respondents "claim that they have rescinded" is followed by the wholly inconsistent allegation that they had "forfeited all of the plaintiffs' rights therein, and in and to all of the money paid by plaintiffs." [2] It is essential to a rescission that the parties be put *in statu quo* and that the consideration received by the party rescinding must be restored. [3] Rescission cannot be predicated upon an allegation of forfeiture as a result of the default of the vendee. [4] In insisting upon the for-

feiture the vendor is not treating the contract as at an end, as in rescission, but is standing upon its terms. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 14 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].) **[5]** Furthermore, the allegations that the respondents took possession of the premises do not plead a rescission. So far as this complaint is concerned the appellants were not in possession and were not entitled to possession until the purchase price was paid.

Construing the pleading against the pleader, we must assume that when the respondents took possession the appellants were in default for both principal and interest. No excuse for nonpayment of the interest is pleaded, and the case comes squarely within the rule of *Schwerin etc. R. Co.* v. *Slye, supra.*

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.