[Civ. No. 7245. First Appellate District, Division Two.—September 30, 1930.]

WALTER T. BOZEMAN et al., Appellants, v. MARGARET CURTIS, Respondent.

W. A. Dow for Appellants.

Ezra Shapeero for Respondent.

NOURSE, P. J.—The vendees, under a written contract for the sale of real property, were in default in their payments. Vendor, who was not in default, gave them written notice that the contract was terminated and that payments theretofore made were held forfeited under terms of contract. Vendees sued for payments made. Appeal taken on judgment-roll.

■ Held—Where the vendee is in default and the vendor is not, the latter is not liable for the purchase money unless there has been a mutual rescission of the contract. (*Glock* v. *Howard,* 123 Cal. 1, 10 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713] ; *Lemle* v. *Barry,* 181 Cal. 6, 10 [183 Pac. 148], and cases there cited.)

■ The notice of termination was not a notice of rescission because it expressly declared that the payments made would be held forfeited in accordance with the contract.

■ Rescission is itself a contract subject to the same rules of interpretation. An essential element is intent. Here the notice negatives intent to rescind. (*Hyman* v. *Harbor View Land Co.,* 46 Cal. App. 98, 107 [188 Pac. 828] ; *Catterline* v. *Peterson,* 60 Cal. App. 617, 620 [213 Pac. 515] ; *Pinkerton* v. *Morton,* 63 Cal. App. 471, 473 [218 Pac. 770].)

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.