[Civ. No. 7734. First Appellate District, Division Two.—March 13, 1931.]

W. F. GARRISON et al., Respondents, v. FELICIA M. HOGAN, Appellant.

S. C. Schaefer and Cooper & Collings for Appellant.

Harry L. Cohn, Walter Desmond and Fred E. Helwig for Respondents.

PARKER, J., *pro tem.*—The present appeal comes before us on the judgment-roll alone. The only questions presented go to the sufficiency of the complaint and the sufficiency of the findings made, following, as the findings do, the facts alleged in the said complaint. It is to be noted that the briefs of counsel filed herein indicate a desire to argue everything except the points in issue. Although much of the argument is directed toward matters not before us for determination, nevertheless the persistency of the claims advanced does serve to accentuate a condition which might be inferred from the record properly before us.

Plaintiffs were the owners of certain lands in this state. These lands appeared to be chiefly valuable on account of the oil deposits thought to be contained therein. A lease of the lands was made to the defendants with the object of exploration and development. The defendants seemingly violated the terms of the lease and thwarted the objects thereof. Other developments were made adjacent to the lands in question which as a matter of common knowledge impaired or would impair the value of these lands in the event of continued inactivity. Plaintiffs then commenced this action, the main purpose of which was to remove the defendant's claim. A process server called at the house of the defendant, Felicia Hogan, and made service of the complaint and summons upon a person then and there claiming to be the defendant. No appearance being made, plaintiff caused to be entered the default of the said defendant, now appellant, and proceeded to judgment. Thereafter said defendant made a sufficient showing to the effect that the person actually served was another person and procured an order setting aside the default. Upon the entry of such order defendant filed her answer herein and thereafter the matter was set down for trial. When the case was called defendant moved for a continuance upon various grounds, the motion being based upon affidavits. Plaintiffs offered counter-affidavits and the continuance was denied. Thereupon counsel for defendant withdrew from the case declaring his unwillingness to proceed further, and the court proceeded to hear the proof offered by plaintiffs and after consideration thereof the judgment complained of was entered. Much of the foregoing appears from the record before us,

though not strictly speaking a part of the judgment-roll. Yet counsel have been assiduous and untiring in their efforts to get this situation before the court; therefore it is meet that they should know their efforts were not unavailing. And, further explanatory, counsel for each party has been equally persistent, though from different motives. Plaintiffs desire this phase of the case known in order to support their claim here that the appeal is purely for delay; defendant, upon the same showing, urges her claim for justice in that she has never had a hearing on the merits. It might be noted that no complaint is made of the action of the trial court in denying the motion for a continuance; that is to say, the action of the trial court in that behalf is not brought before us for review. While, as indicated, the foregoing recital may be deemed to an extent remote from the questions presented through the judgment-roll, yet the inquiry of a reviewing court may at all times be directed toward any showing made from the entire record which may impugn the good faith of the proceeding. And further, from their record as a whole, may be disclosed the gravamen of the injury claimed by the errors complained of. We may now consider the pleadings and findings thereon.

Plaintiffs in their complaint allege: That at all of the times therein mentioned they were the owners of the property described. That on January 26, 1926, the plaintiffs made, executed and delivered to defendant Felicia M. Hogan (appellant herein) a lease to the said property. That the lease contained a provision that the lessee was to start the drilling for oil on the demised premises by spudding in with adequate equipment within fifteen days from the time she was furnished with a policy written by the Title Insurance and Trust Company and to continue the drilling of such well, etc. That on July 19, 1926, the plaintiffs furnished the policy required, insuring the lessee as to her rights to operate under the lease and the said defendant by written receipt acknowledged the said policy as being in conformity with the terms of the lease. That the defendant has failed, refused and neglected to start drilling or any work on the property and that such refusal has been and is for a period in excess of the time requirements of the lease; that in this connection demand has been made for a

surrender of the premises and a notification of forfeiture. That the said defendant notwithstanding claims an interest in the property adverse to plaintiffs. Plaintiffs then set forth a number of John Does and Doe partnerships and plaintiffs pray that the lease be canceled; that defendant be required to appear and set forth her claims and that the court declare said claims invalid and enjoin a further assertion thereof. Defendant, Felicia M. Hogan, appeared and answered. In her answer she admits her failure to commence or begin drilling and alleges that other persons are in possession of the property and that the bond or policy given her was not in compliance with the requirements of the lease. She asserts her claim of interest in and to the property and asserts the same to be adverse to the rights of plaintiffs. Appellant attacks the sufficiency of the complaint on numerous grounds, each of which may be taken up as urged.

First, it is claimed no cause of action is stated for the reason that there is no allegation that plaintiffs were the owners of the property at the time of filing the complaint, the allegation being that ''at all of the times herein mentioned'' plaintiffs were the owners, etc. However, the complaint, in a succeeding paragraph, sets forth that defendants *now* claim an interest adverse to the rights of plaintiffs. The allegation that plaintiffs were at all of the times mentioned in the complaint the owners of the property, coupled with the allegations of defendant's present claim and her present and continuing failure of performance under the terms of the lease, and that such present claim and continuing failure are adverse to the rights of plaintiffs, taken as a whole sufficiently allege a present ownership as against a general demurrer. And particularly is this true where after trial had judgment has been entered. The theory being that in such a case every permissible and logically possible construction will be indulged to support the judgment as against an attack made here for the first time.

Next appellant urges that there is no allegation that defendant's claims are without right. The complaint in one paragraph sets forth a list of fictitious defendants whose names are unknown, with the usual prayer for permission to insert the true names when ascertained. Continuing

along in said paragraph is the allegation "That the said defendants and neither of them, have any estate, right, title or interest whatever in or to said lands or premises or any part thereof." Appellant contends, in this connection, that the allegation is restricted to the fictitious defendants and that by no stretch of construction can it supply the lack of averment concerning the quality of defendant's claim. The complaint, however, specifically pleads the claim of defendant, and the facts thus pleaded show the nature of defendant's claim and that the same is without right. The claim of appellant, when analyzed, is that the pleader should have more skilfully paragraphed the complaint so that the general allegation, rather than appearing as a distinct sentence in the paragraph which included the Doe defendants, should have been the subject of an independent paragraph. In the caption of the complaint the appellant is named as a defendant and in every allegation of the complaint, save the one referred to, she is likewise so named. We find no merit in the contention. (*Morton* v. *Shannon,* 26 Cal. App. 689 [147 Pac. 1179]; also 21 Cal. Jur. 58 and cases thereunder cited.) We can and do hold that the complaint on this issue practically alleged that the defendant appellant claimed some interest in the lands and that a number of defendants whose names were unknown also made similar claim or separate claim and that the claims of all of the defendants were without right. And further plaintiff pleaded specifically the facts upon which it alleged the claim of defendant rested and if those allegations were true, as they are presumed to be, it showed affirmatively the wrongfulness of defendant's claim.

▪ Another contention of the appellant is that the complaint does not allege that the lease contained a forfeiture clause, and in the absence of such a clause plaintiffs are entitled to no relief. The subject is fully discussed in the case of *Hall* v. *Augur,* 82 Cal. App. 594 [256 Pac. 232]. The settled law of this and other jurisdictions is therein announced and a reading of the case with the authorities therein cited will disclose the utter lack of merit in this contention of the appellant. See, also, the following: 1 Thornton on Oil & Gas, pp. 155, 398; *Indiana Oil, Gas & D. Co.* v. *McCrory,* 42 Okl. 136 [140 Pac. 610], and *Patsy Oil & Gas Co.* v. *Baker,* 127 Okl. 76 [259 Pac. 864]. And whether

or not the lease itself contained any specific provision for forfeiture sufficient facts are alleged which would support a judgment of forfeiture.

And so on throughout, each ground of appeal goes to some claimed defect in the complaint urged from a restricted viewpoint and upon an isolated fragment of the pleading. We have examined all of these grounds of complaint and find nothing of sufficient merit to warrant a disturbance of the judgment. It must be remembered that defendant appellant answered and in that answer relied upon the ownership of plaintiffs and her rights thereunder as a lessee. Her only claim of right was that the policy of insurance issued to her, pursuant to the requirements of the lease, was insufficient and not such as contemplated by the lease itself. This was only defense and the complaint recited her own receipt and the recitals therein to the effect that said policy was in complete satisfaction of the demands of the lease. Obviously, under the pleadings, issue being joined this question became one of fact determined by the findings which were against the contention of the defendant.

█ Finally, appellant complains that plaintiffs are not united in interest as it is alleged that the plaintiffs own individually two separate parcels of land, that is, one plaintiff owns one parcel and the coplaintiff is the sole owner of the second parcel. The lease is a single instrument reciting the several ownerships in the two separate parcels. There appears enough in the complaint to clearly indicate that while the plaintiffs Garrison each owned a separate lot, the two constituting the premises leased, yet the intention was to treat the lots as one parcel and the very terms and intent of the lease was that the conditions named herein were for the equal benefit of each parcel. No point in or on either parcel was designated for the commencement of operations and the lots being adjoining it is obvious that with the underlying motive of the transaction being oil development the exploration on one tract would inure equally to the benefit of the other. And, under the terms of the lease, could defendant have shown that she had commenced operations on one lot she would have shown a complete compliance with the terms of the lease and thereby would have held the other lot subject to the terms thereof. Section 378 of the Code

of Civil Procedure provides: "All persons may be joined in one action as plaintiffs who have an interest in the subject of the action or in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any question of law or fact would arise which are common to all the parties. . . . " The instant case comes clearly within the terms of that section.

Passing from the complaint to the findings we are met with the same contentions. What has been said completely covers the objections urged as against the sufficiency of the findings to sustain the judgment. We therefore conclude that the appeal is completely lacking in merit and to an extent that the proceeding in this court might well be classed as frivolous and vexatious. No claim of defect in pleading was urged in the court below and when the cause was there called for trial counsel for appellant, when and where full opportunity afforded itself to urge these identical matters as are urged here, abandoned the case and refused to proceed at all. Early in our jurisprudence the rule was announced that the failure of a complaint to state any cause of action could be urged at every stage of the proceeding. That such a point could be urged for the first time on appeal and if sustained would overthrow all that preceded. It was found, however, that such a rule, in its most strict interpretation, would afford means of working severe injustice. And so, while not abrogated, it has been somewhat relaxed. California Jurisprudence, volume 2, at page 257, sets forth the attitude of the courts as follows: "The courts are not inclined to look favorably upon objections to the pleadings specifically made for the first time upon appeal, where upon suggestion before trial, the defect could have been easily overcome. And they will in aid of the judgment, therefore, give the complaint as favorable an interpretation as its general scope will permit." An interesting case, illustrative of this inclination of the courts, is *Penrose* v. *Winter*, 135 Cal. 289 [67 Pac. 772]. In the instant case no demurrer was interposed and issue was joined only after the opening of a default which had been entered with the apparent knowledge of defendant, and that throughout the entire contro-

versy it was appellant's desire and aim to obstruct rather than facilitate a disposition of the issues presented.

The judgment is affirmed.

Sturtevant, J., and Spence, Acting P. J., concurred.