[Civ. No. 7198.   First Appellate District, Division One.—May 12, 1932.]

J. MARTINELLI, Appellant, v. H. C. HOGREFE et al., Respondents.

Albert Picard for Appellant.

W. D. Brown for Respondents.

JOHNSON, J., *pro tem.*—This is an action to recover the sum of $500 based upon a complaint for money had and received in connection with a transaction for the purchase of real estate by plaintiff from the defendants. Plaintiff appeals from a judgment in favor of the defendants.

On July 11, 1925, the parties entered into a written agreement whereby plaintiff agreed to buy from defendants certain real property situated at the northeast corner of Francisco and Polk Streets in San Francisco. Of the agreed purchase price of $17,500, five hundred dollars was paid at the time of the contract; and it was provided that plaintiff should have twenty days for examination of title and report of any objections, and that if no objections were reported within the time designated, the balance of the purchase price should be paid at the expiration of such time to the City Title Insurance Company for account of the defendants, and the defendants should thereupon deliver at the office of the title company a duly executed deed of grant. Time was declared to be of the essence of the contract; and in case of failure of the plaintiff to comply with any conditions to be performed on his part, all his rights were to cease, and the defendants were to be released from all further obligation, with the right either to retain the deposit of $500 "as liquidated and agreed damages", or at their election to institute action for specific performance of the contract. The defendants were to have five days within which to make their election after the date of termination of the time allowed the plaintiff for completion of the contract.

In describing the property the contract made mention that the property was subject to an easement for a driveway of a designated width, and that the Francisco Street frontage was "subject to set back".

On July 29th, the plaintiff reported to defendants an objection to a "permanent right of way" for the driveway, and an objection also that some other lot owner on Francisco Street was erecting a building without observing any "set back" regulation. No mention is made in the briefs of

these objections, nor does any reliance appear to have been placed on them at the trial. We regard them, therefore, as inconsequential.

In the absence of any substantial objection, plaintiff was under obligation to pay the balance of the purchase price by July 31st; but though the defendants deposited their deed with the City Title Insurance Company on that day, together with appropriate instructions for delivery to plaintiff on payment by him pursuant to the contract, plaintiff wholly failed to perform his undertaking. Accordingly, on August 4th, defendants notified plaintiff in writing that unless he should make payment of the agreed balance by August 5th, plaintiff's deposit of $500 would be "considered as a liquidation of the damage sustained", and that the deed deposited on July 31st would be withdrawn and any rights of plaintiff to purchase would be "considered at an end".

Instead of proceeding further with the purchase, plaintiff instituted this action on August 12th to recover the deposit of $500 on the theory that by their notice the defendants had rescinded the contract.

The trial court found that the defendants had fully complied with the obligations on their part, and that plaintiff had refused to perform and was therefore not entitled to any recovery.

The contention of plaintiff on the appeal is that his breach of the contract was followed by a mutual abandonment and rescission of the contract, and furthermore that no damage was shown to have been sustained by the defendant on account of plaintiff's breach. In support of his contentions plaintiff draws upon language used in *Drew* v. *Pedlar*, 87 Cal. 443 [22 Am. St. Rep. 257, 25 Pac. 749], and other cases, where a mutual abandonment on rescission was held to have been proved or admitted, or where there was failure of performance on both sides. Here we have a case where the evidence showed and the court found, that the plaintiff alone was in default; and the notice to plaintiff that unless he should make payment by August 5th, his right would be "considered at an end", was but a declaration that the defendants would hold to the terms of the agreement.

The illuminating exposition of the subject in *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], established in this state a new landmark, pointing the way of deliverance from the confusion worse confounded of earlier decisions dealing with sales of realty. The main opinion, speaking of the decision in *Drew* v. *Pedlar, supra,* said that if its rule were confined to cases where the vendor had rescinded after the vendee's breach, misunderstanding would not arise; but that its misleading feature came from the fact that a tender, made by the vendee long after his default, had been refused, and that the answer had failed to deny allegations in the complaint pleading mutual abandonment and rescission. In view of the evidence and the findings in the present case, a parade of *Drew* v. *Pedlar, supra,* and its companions in outworn gear does not raise here a cloud of dust.

Stress is laid in appellant's brief on the language of the contract, stating that in case of plaintiff's default, his rights would cease and his deposit would be retained "as liquidated and agreed damages". And evidence was produced by plaintiff at the trial that there had been no diminution in the value of the property, and hence no damage from plaintiff's failure to perform. But as was said in the Glock case (p. 13), a covenant for liquidated damages is of no consequence in such contracts, "where the liquidated damages are expressed as the moneys paid by the vendee, for in all such cases, as has been shown, the vendor is entitled to retain these moneys, whether designated liquidated damages or not". (See, also, *Hyman* v. *Harbor View Land Co.,* 46 Cal. App. 98, 108 [188 Pac. 828].)

Upon the breach of a vendee, the vendor is not compelled to take affirmative action. He may indeed seek specific performance; or if actual damages have been sustained, he may bring an action at law therefor. On the other hand, he may remain inactive, resting on the contract, and retain to his own use the moneys paid by the vendee. (*Glock* v. *Howard & Wilson Colony Co., supra,* page 10.) That is precisely what the defendants elected to do. They notified the plaintiff that if he should not fulfill his agreement by August 5th his right to purchase would be "considered at an end". Far from exhibiting

an intention to abandon or rescind the contract, this was an unequivocal declaration of an election to abide by the contract and retain the deposit. (*List* v. *Moore,* 20 Cal. App. 616 [129 Pac. 692].)

In *Winter* v. *Kitto,* 100 Cal. App. 302, 310 [279 Pac. 1024], a rescission was held not to have resulted from a notice to the vendee stating that the vendor elected " 'to cancel the contract pursuant to the terms thereof' ", and adding that the contract " 'is hereby canceled and is absolutely void and of no effect' ".

And in *Hyman* v. *Harbor View Land Co., supra,* where the vendor notified a delinquent vendee that the contract between them was "rescinded for breach of conditions", it was held that in view of the terms of the contract and previous communications between the parties, the notice was not to be construed as a technical rescission, but merely as a declaration that the rights of the vendee under the contract were terminated.

In like manner in the notice given to plaintiff, the defendants informed him that in case of his failure to comply with the terms of his contract to purchase, plaintiff's rights would be "considered at an end". This was tantamount to a notification that a breach on plaintiff's part would be at his peril and would result in forfeiture of his deposit in accordance with the contract. We should have to wrest language from its clear meaning to convert this notice of termination into a notice of rescission restoring the parties to the *status quo ante.* (*Newell* v. *Stone Co.,* 181 Cal. 385, 388 [9 A. L. R. 993, 184 Pac. 659] ; *Bozeman* v. *Curtis,* 108 Cal. App. 648 [291 Pac. 870] ; *Pinkerton* v. *Morton,* 63 Cal. App. 471, 473 [218 Pac. 770].)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.