[Civ. No. 2824. Fourth Dist. Nov. 12, 1941.]

SUNSET OIL COMPANY (a Corporation), Respondent, v. MARSHALL OIL COMPANY (a Corporation), Appellant.

J. U. Hemmi and James R. Jaffray for Appellant.

Mitchell, Silberberg, Roth & Knupp and C. E. Erkel for Respondent.

MARKS, J.—Plaintiff instituted this action against Marshall Oil Company (hereinafter called defendant) and others to quiet its title to property in San Diego County. The complaint was in the usual form. Defendant denied that plaintiff was the owner or entitled to the possession of the property and alleged title and the right to possession in itself. The trial court found all facts in favor of the plaintiff and entered judgment in its favor. This appeal followed.

Mary Shields and Ernest Shields are the common source of title of the parties.

Plaintiff claims under the following chain of title: Deed, Mary Shields and Ernest Shields to Josephine W. Shields, dated November 1, 1918, recorded July 24, 1920. Deed, Josephine W. Shields and Robert Shields to Allen H. Rabin, dated April 17, 1922, and recorded May 1, 1922, the transfer

being made subject to a contract made November 1, 1918, between Josephine W. Shields and Percy W. Marshall. Deed, Percy W. Marshall and wife to E. A. Bullock, dated October 2, 1924, recorded October 4, 1924. Deed, Allen H. Rabin and wife and W. E. Day and wife to Paul W. Sampsell, dated February 15, 1926, recorded February 23, 1926, the transfer being made without certain warranties. Deed, Paul W. Sampsell and wife to Marine Refining Corporation, dated March 11, 1927, the deed being virtually in the form of a quitclaim. Judgment roll in the case of Marine Refining Corporation, Plaintiff, v. E. A. Bullock, Percy W. Marshall, Alice C. Marshall and Marshall Oil Company, (and perhaps others) Defendants. *Lis pendens* in that action recorded October 17, 1929. Commissioner's certificate of sale from the commissioner named by the court to Marine Refining Corporation, recorded August 4, 1931. Commissioner's deed to Marine Refining Corporation dated August 10, 1932, recorded on August 22, 1932. Deed, Marine Refining Corporation *and others* to Sunset Oil Company, dated December 29, 1934, recorded December 31, 1934.

Defendant claims under a contract of sale and purchase of the property in question here from Josephine W. Shields to Percy W. Marshall, dated November 1, 1918, recorded July 24, 1920, and assigned to defendant by an instrument dated June 22, 1922, recorded September 4, 1935, and also under an oil lease from Percy W. Marshall to Marshall Oil Company dated June 22, 1920, recorded June 15, 1921.

 Defendant first claims that under the assigned contract of purchase it can hold its equitable interest in the property because the contract was never terminated, and because plaintiff was not in position to perform and did not tender a "deed with a certificate of title showing perfect title to said real estate" as required in the contract.

This contention is without merit. The agreed selling price was $8000 payable in installments of $1000 each, the first payable on delivery and the others on or before each November 1st following. The only evidence on the subject is that Marshall paid the first installment. The contract contained the following:

"Time is hereby declared to be the essence of this contract, and should purchaser fail or neglect to make said deferred payments, or any of them, at the time and in the manner

herein provided, then and in that event this receipt and contract shall at once become null and void, and the said party of the first part shall be at once released from any and all obligations to make any conveyance hereunder, or to convey the property herein described to said purchaser.''

Where a contract, like the one we have here, provides that time is its essence and also that the failure of the purchaser to pay any installment, when due, terminates the contract without further action on the part of the seller, the default terminates the contract and nothing need be done by the seller to terminate the purchaser's rights under it. (*Fresno Irr. Farms Co.* v. *Canupis,* 39 Cal. App. 184 [178 Pac. 300] ; *Pedrotti* v. *American Nat. Fire Ins. Co.,* 90 Cal. App. 668 [266 Pac. 376].)

Where a vendee claims an interest in real property under a contract of this kind the burden is upon him to prove that he had complied with its terms and that his rights under it had not terminated. (*Drips* v. *Moore,* 179 Cal. 249 [176 Pac. 159].) The same obligation rested on defendant as assignee of the purchaser's rights under the contract. As performance was not proved, the conclusion of the trial court that the contract was terminated and defendant could claim no rights under it must be sustained here.

Nor can defendant claim under the oil lease for two reasons: (1) Marshall could not give a valid lease after his rights under his contract of purchase had terminated and, (2) the lease by its terms was forfeited by the lessee.

The first proposition stated is obvious from the facts already detailed and needs no citation of supporting authority. The lease contained the provision that drilling must commence in one year and the further provision that if oil in paying quantities was not obtained in five years the lessee should cancel and surrender the lease. No drilling was ever done on the leased property. Further, the corporate powers of the Marshall Oil Company were suspended on March 6, 1922, and it has never been reinstated so that it was not in position to execute the lease on June 22, 1922. (*Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 Pac. 446] ; *Silvey* v. *Fink,* 99 Cal. App. 528 [279 Pac. 202].) Nor has it since been in a position to conduct the business of drilling for oil on the leased property. (Stats. 1917, p. 377, sec. 11; Deering's Gen. Laws 1937, Act 1743;

sec. 3669c, Political Code.) The evidence here clearly shows an abandonment of the lease by the lessee, assuming that it ever acquired any interest under the lease. (*Rice* v. *Lee,* 44 Cal. App. (2d) 909 [113 Pac. (2d) 235] ; *Hall* v. *Augur,* 82 Cal. App. 594 [256 Pac. 232] ; *Carlisle* v. *Lady,* 109 Cal. App. 567 [293 Pac. 686] ; *Garrison* v. *Hogan,* 112 Cal. App. 525 [297 Pac. 87] ; *Caswell* v. *Gardner,* 12 Cal. App. (2d) 597 [55 Pac. (2d) 1222].) It follows that defendant cannot claim under the oil lease.

Defendant urges certain alleged defects in the foreclosure proceedings instituted by the Marine Refining Corporation. We will not consider these supposed defects in detail because if we assume everything said by defendant's counsel on this phase of the case to be true and sound it cannot affect our conclusions.

█ The bill of exceptions recites that by a deed dated December 29, 1934, recorded December 31, 1934, the Marine Refining Corporation *and others* conveyed the property in question to plaintiff. This deed is not set forth in the record and we are not informed who were the other grantors who joined in the execution of this deed. Under these circumstances, it affirmatively appearing from the bill of exceptions that there were grantors other than the Marine Refining Corporation, without designating who they were, we are required to presume that the omitted evidence supports the findings and judgment. Under this rule we are required to assume that all persons necessary to complete plaintiff's record title appeared as grantors in the deed so that title to the property was conveyed to and vested in it.

It is unnecessary to consider the other questions argued by counsel.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 31, 1941.