LCiv. No. 2083.    Second Appellate District, Division Two.—February 10, 1919.]

## REBECCA MARKER, Respondent, v. FREDERICK J. WILLIAMS, Appellant.

SALES—CONDITIONAL SALES—INNOCENT PURCHASERS.—The vendee, under a conditional sale of personal property, until the conditions are performed, has no interest in the property which he can transfer, as against the vendor, even to an innocent purchaser for value.

ID.—TRADE FIXTURES—HOTEL REFRIGERATING PLANT.—Where a refrigerating plant was installed in a hotel building, under a conditional sale contract, in such manner that none of the machinery, pipes, or boxes constituted any part of the support of the building or any of its walls, although the removal of the machinery, piping, and boxes would leave the brackets attached to the walls and would leave apertures in the walls in one or two places requiring the plastering thereof, the character of the machinery, the use for which it was intended in connection with the hotel, the manner in which it was installed, and the apparent intention of its annexation, filled all the requirements of sections 660 and 1013 of the Civil Code to constitute it a fixture as between a grantor and a grantee, relying in good faith on appearances, and without notice of anything to the contrary, yet it was not so incorporated in the building as to be an integral part thereof, and, being removable without serious injury to the real property, it might, under section 1019 of the Civil Code, be detachable as a "trade fixture."

ID.—CONVERSION—ACTION FOR AGAINST PURCHASER—CONSTRUCTIVE NOTICE TO PURCHASER OF POSSIBLE CLAIM OF OWNERSHIP.—In an action by a person who had installed a refrigerating plant in a hotel for the lessee of the hotel under a contract of conditional sale, against a subsequent purchaser of the hotel for the conversion of such plant, where it was shown on the trial that at the time of the purchase, the purchaser had been told by both the owner of the hotel and the lessee thereof that the lessee had installed the refrigerating plant and had paid for it in full, and thereupon the purchaser, with-

out any other notice or knowledge whatever of any ownership or claim of ownership of the plant, by the plaintiff, purchased the hotel relying on such statements, such purchaser nevertheless was by those statements given such notice that the plant might be a trade fixture that he could not claim to be an innocent purchaser, as against the plaintiff, who had installed it under a contract of conditional sale.

ID.—CAUTION REQUIRED OF PURCHASER.—The purchaser under such circumstances had notice that the plant had all the earmarks of a trade fixture, and was not justified in accepting without further investigation the statement that the plant had been paid for, but was bound in due caution to consider all contingencies, including the very likely circumstance of it having been purchased under a contract of conditional sale.

ID.—CONDITIONAL SALES FAVORED IN LAW.—The law of California favors conditional sales, and it should be the policy of courts to afford every protection to upholding their conditions.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. McFarland and Fairbanks & McFarland for Appellant.

Tyrrell, Abrahams & Brown, A. L. Abrahams and Chas. W. Fricke for Respondent.

SLOANE, J.—This is an appeal from a judgment against the defendant for conversion of certain personal property. The facts are as follows, so far as necessary to an understanding of the issues raised on appeal: Defendant acquired, by purchase, title to real estate upon which was situated, as part thereof, a hotel building, in which had previously been installed machinery and appliances constituting a refrigerating plant for the hotel. This machinery was of a character and so attached to the premises as to obviously pass with the title as part of the real estate, as between grantor and grantee, in the absence of any conditions or reservations in the deed. The defendant claims to be a purchaser for value of the real estate, without notice of any fact to inform him or put him on inquiry as to any adverse claim to the machinery of the refrigerating plant. The plaintiff at the

time of bringing this action claimed the ownership of the refrigerating plant, as the assignee of a conditional sale contract with former lessees of the hotel property, whereby plaintiff's assignor had delivered and installed in said building for such lessees the machinery and appliances in question, reserving the title thereto until such time as deferred payments on the purchase price were made. The tenants defaulted in their payments under the sale contract, and subsequently under their lease contract, but remained in possession of both the refrigerating machinery and the hotel until they were ousted from the real estate and their leasehold was terminated by proceedings in court instituted by the defendant, who took possession of the premises, including the refrigerating plant. There were other transactions involving a second conditional sale of this machinery by plaintiff to other tenants of the hotel, who, in turn, defaulted in both their deferred payments to plaintiff and in their rents to defendant, and who were dispossessed by defendant, leaving him in possession of the entire premises, but no question seems to be raised as to any change thereby as to the legal status of the respective rights of the parties. The issue presented, it seems agreed, is squarely as to the relative rights of one claiming the title as personalty, reserved under a conditional sale contract, as against another claiming the same property as a fixture previously attached to real estate which he has purchased for value and without notice of any adverse claim to the fixtures as personalty. The case was tried in the superior court on an agreed statement of facts, and the findings conform to the statement. The only question of error arises upon the conclusion of the trial court that the facts sustained a judgment for plaintiff.

It is conceded that the plaintiff is possessed of all the rights of the original vendor of this property under the conditional sale contract, but appellant contends that such rights were lost, or, at least, that the plaintiff is estopped from asserting the same by reason of her assignor having affixed the machinery to the real property so as to make it a part of the realty, and under circumstances calculated to mislead, and which in this case did mislead, an innocent purchaser to buy the realty in the belief that the refrigerating plant was an integral part thereof. Under the law governing conditional sales, as recognized in this state, it is

clear that if appellant can defeat the judgment against him at all, it is only on this ground.

It is the established law, under our court decisions, that the vendee under a conditional sale of personal property, until the conditions are performed, has no interest in the property which he can transfer, as against the vendor, even to an innocent purchaser, for value. He cannot divest the conditional vendor of his interest by any act or omission to act not authorized by such vendor. Appellant's case, then, is predicated upon two considerations of fact: (1) Were the conditions and manner of installing this refrigerating plant in the hotel building such as to justify a purchaser of the real property, without notice, in treating it as an integral part of the hotel building? (2) Was the defendant here an innocent purchaser for value and without notice?

As shown by the agreed statement of facts, the refrigerating plant comprised a gas compression pump, five-inch bore by five-inch stroke, set on concrete base, in which are imbedded six bolts, the gas pump fastened thereto by bolts and nuts; an electric five horse-power motor resting on blocks attached to the concrete floor by bolts and screws, and the motor attached to the base by lag screws; a double ammonia pipe condenser, consisting of a coil of one and one-half inch ammonia pipe, six pipes high, about ten feet long, set into a rack, and attached to the brick walls by bolts put through the wall; piping in racks attached by bolts and screws; a centrifugal brine circulating pump, attached to four bolts sunk into the concrete floor, and fastened thereto by nuts; brine pipes fastened to the walls by nails or bolts, and running through the partition walls of the basement; pipes connected by ordinary connection with water and sewer outlets, with other similar appliances attached to the floors and walls in like manner, and all connected up so as to constitute a complete refrigerating plant for use of the hotel building. None of the machinery, pipes, or boxes constitutes any part of the support of the building, or any of its walls; the removal of said machinery, piping, and boxes from the building would leave the brackets attached to the walls, and would leave apertures in the walls, and would leave the walls, in one or two places, requiring the plastering thereof. We are of the opinion that the character of the machinery, the use for which was intended in connection with the hotel,

the manner in which it was installed and the apparent intent of its annexation, filled all the requirements of sections 660 and 1013 of the Civil Code to constitute it a fixture, as between the grantor and a grantee relying in good faith on appearances, and without notice of anything to the contrary. Yet it was not so incorporated into the hotel building as to be necessarily an integral part of it. It could be removed without serious injury to the real property, and might, under the definition of section 1019 of the Civil Code, be detachable as a trade fixture.

But was the defendant an innocent purchaser without notice? It is recited in the agreed statement of facts: "That prior to and at the time of said purchase the defendant inspected said premises, and was shown said refrigerating plant, and was told by Geo. W. Fox, from whom he purchased said property, and by the president of the Golden Bay Hotel Company, the lessee thereof, that said lessee had installed said refrigerating plant, and paid for it in full; and thereupon the defendant purchased said property, believing and relying upon said statement, and without any notice or knowledge whatsoever of any ownership or claim of ownership in or to said refrigerating plant of or on behalf of plaintiff or her assignors." It may be conceded that if the defendant had relied in good faith on merely what he saw in the inspection of the premises, or if on inquiry of the owner and the lessees he had been informed that the refrigerating plant had been built in originally as a part of the hotel building, and relying upon this information had bought the property in the belief that the refrigerating plant was a part of the real property, he would be entitled to all the protection due to an innocent purchaser for value and without notice. But he was informed that the tenants then in possession of the hotel, and operating it, had installed this machinery. That at once was notice that it had the earmarks of a trade fixture; that it was so situated as to be subject to detachment as personal property, and removal from the building before the termination of the leasehold. In other words, the information that he received was such as to suggest that the refrigerating plant might not be irretrievably attached to the real estate. He at least knew that it was not installed by or for his grantor as part of the original construction of the building. He took the

property apparently subject to such rights as the tenants might have. Did he not further take it subject to such claims as the original vendor might have reserved against the tenants? Was he justified in accepting, without further investigation, the statement of these people that they had paid for it, when he knew it had been installed under circumstances consistent with the retention of its character as personalty by a conditional vendor? In other words, if he had notice which suggested that this machinery was not what it appeared to be—an integral part of the real property—he was bound, in due caution, to consider all the contingencies which might apply to personal property so installed, and among these was the very likely circumstance of its having been purchased under a conditional contract of sale.

The law of California very properly favors the conditional contract of sale. It has become very largely a factor in the purchase and sale of personal property, and, too, of that class of machinery and appliances commonly used in connection with real estate. It should be the policy of courts to afford every proper protection to upholding the conditions of such sales, both in the interest of the buying and selling classes. It should be borne in mind that the question here is not whether the defendant had notice of a conditional sale contract, but only whether he had notice that the character of personalty might still attach to this machinery. Conceding the force of reasoning and weight of authority presented by counsel for appellant in behalf of the equities of one who purchases real property relying in good faith on the presumption that machinery affixed thereto so as to appear to have become an integral part of the realty passes with his deed, we are not prepared to hold, under the facts of this case, that the appellant has brought himself sufficiently within such conditions as to justify a reversal of the conclusions reached by the trial court.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.