[Civ. No. 4694. Second Appellate District, Division One.—July 29, 1927.]

PHILIP GOLDBERG, Respondent, v. DANIEL E. STANTON, etc., et al., Appellants.

Fredericks & Hanna for Appellants.

Bearman & Engelhardt and George Appell for Respondent.

HOUSER, J.—This is an appeal from a judgment in favor of plaintiff for damages alleged to have been caused to him by reason of the removal by defendant of a refrigerator from certain premises which defendant leased from plaintiff.

It appears that the building in which the refrigerator was installed had no studding in its construction, but that the walls thereof were built by placing wooden boards in an upright position and thereafter covering the cracks between such boards with battens. When the refrigerator was installed a section of the side wall of the building was removed and the refrigerator was taken into the building through the opening thus made. There was no floor in the floor space of the building occupied by the refrigerator, so that the refrigerator rested directly on the floor joists. The refrigerator was taller than the height of the walls of the building, and it became necessary to remove a part of the roof of the building in order to install the refrigerator, after which that part of the roof which had been cut away was rebuilt so as to form a proper but detached covering for the refrigerator, as well as for the building in which the refrigerator was located. No part of the refrigerator was physically attached by nails, bolts, screws, or otherwise to any part of the building excepting that on each of the sides of the refrigerator, at a point where it passed through the ceiling of the building, a strip of quarter-round molding was tacked to the ceiling and to the refrigerator, "making

a neat-looking job inside the building." It further appears that defendant was engaged in conducting a grocery business in the storeroom in which the refrigerator was placed, and that it was used by defendant in connection with the operation of his business as a grocer.

The principal questions in the case are whether the refrigerator was a fixture, and whether the tenant had the right to remove the refrigerator. Section 660 of the Civil Code provides that: "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws."

In the case of *Marker* v. *Williams*, 39 Cal. App. 674 [179 Pac. 735], it was held that: (Syllabus): "Where a refrigerating plant was installed in a hotel building, under a conditional sale contract, in such manner that none of the machinery, pipes or boxes constituted any part of the support of the building or any of its walls, although the removal of the machinery, piping, and boxes would leave the brackets attached to the walls and would leave apertures in the walls in one or two places requiring the plastering thereof, the character of the machinery, the use for which it was intended in connection with the hotel, the manner in which it was installed, and the apparent intention of its annexation, filled all the requirements of sections 660 and 1013 of the Civil Code to constitute it a fixture as between a grantor and a grantee, relying in good faith on appearances, and without notice of anything to the contrary, yet it was not so incorporated in the building as to be an integral part thereof, and, being removable without serious injury to the real property, it might, under section 1019 of the Civil Code, be detachable as a 'trade fixture.'"

In the instant case it is apparent that in no just sense could the flimsy attachment of the refrigerator to the ceiling of the storeroom by means of the quarter-round molding be considered as "permanent" within the meaning of the language contained in section 660 of the Civil Code. It

occupied no different position in the storeroom than did possibly the counters, standing desks, or the showcases which, although resting on the floor, may have been lightly tacked thereto for the purpose of helping to better secure them in their respective locations. In other words, in the circumstances here present, the refrigerator might be regarded simply as a piece of heavy furniture, like a steel safe, or equipment of any sort, either necessary or useful in the conduct of the business in which the defendant was engaged. The mere fact that some light nails were used in attaching the quarter-round molding to the ceiling and to the refrigerator cannot be considered as sufficient to create a condition by which the bulky refrigerator was "permanently attached" to the realty.

It is suggested that the provisions of section 1019 of the Civil Code would bar defendant from removal of the refrigerator from the leased premises. That section is as follows: "A tenant may remove from the demised premises, any time during the continuance of his term, anything affixed thereto for purposes of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

In other words, if the refrigerator had not been so affixed to the premises as to become an "integral part" thereof, it might have been legally removed, provided that in effecting such removal no injury was done to the premises.

From what heretofore has been stated herein, it has been attempted to show that in the opinion of this court the attachment of the refrigerator to the ceiling of the storeroom by means of the quarter-round molding did not have the effect of making the refrigerator an "integral part of the premises" nor any part thereof. Primarily, the refrigerator was defendant's property and he had a right to its possession. ■ But in its removal from premises belonging to plaintiff, defendant was bound, at his peril, to do no injury to property belonging to plaintiff. The evidence shows that a portion of the roof and one wall of the building was torn out by defendant in effecting the removal of the refrigerator, and consequently that considerable "in-

jury to the premises'' was thus effected. It is therefore proper that defendant respond in damages. With reference thereto, the findings by the trial court are: ''That by reason of the removal of said roof and wall of said building, . . . plaintiff has been damaged in the sum of $309.50, . . . ''

The trial court included in its judgment damages in favor of plaintiff in the sum of $500 as the value of the refrigerator which defendant removed from the premises. In view of the fact that defendant was the legal owner of the refrigerator, we think error was committed in allowing plaintiff damages for its value.

It is ordered that finding II and the findings concerning damages by reason of the removal of said refrigerator, in the loss to plaintiff of the value thereof, be modified in accordance with the views hereinabove stated, and that the judgment be and hereby is so modified that thereby plaintiff shall have and recover of and from defendant the sum of $309.50, with costs; and that as so modified the judgment shall be and it is affirmed.

Conrey, P. J., and York, J., concurred.