[Civ. No. 5784.   First Appellate District, Division One.—November 17, 1927.]

GEORGE McCONNELL, Respondent, v. JOSEPH REDD, Appellant.

Daniel Rygel and George M. Naus for Appellant.

L. L. Steele for Respondent.

TYLER, P. J.—Action in claim and delivery. The complaint in substance alleges ownership in plaintiff of a certain ice-machine, cooler, and equipment, of the value of $400; wrongful possession and detention by defendant, and a demand for delivery. The prayer is for possession of the property or in case delivery cannot be had for its value together with damages. The answer denies ownership in plaintiff; alleges the value of the property to be $875; admits possession; alleges ownership in defendant and denies wrongful detention.

Briefly stated, the facts show that plaintiff was engaged in the business of selling and installing ice-machines,

coolers, and equipment. Defendant conducted a dairy farm at Newark, California. He was desirous of obtaining an ice-machine for the cooling of his product. Accordingly he entered into a written contract with plaintiff, wherein and whereby plaintiff agreed to install at defendant's ranch a certain character of ice-machine, cooler, and necessary equipment, for which defendant agreed to pay the sum of $875, according to the terms and conditions expressed in such contract. Among the conditions was one which provided that title to the property should remain in plaintiff until fully paid for. In this connection the contract further provided that the institution of an action for the price should not be considered a waiver of the reservation of title. Upon default in payment of any part of the purchase price the parties agreed that the entire balance should forthwith become due and payable, plaintiff, in that event, being given the right to retake possession of the property, either with or without resort to legal process, and to retain all amounts theretofore paid on account thereof, and either terminate the contract, or at his option, resell the property as a whole or in parts, either at public or private sale. The net amounts so realized were to be applied toward the unpaid portion of the purchase price, defendant to be liable for any deficiency, or upon such default plaintiff was given the option to recover from defendant the entire unpaid portion of the purchase price. Time was made of the essence of the contract. Plaintiff, in accordance with the contract so entered into, proceeded on May 9, 1924, to install the machinery as agreed, but during the course of the installation defendant informed plaintiff he did not desire the particular cooler the contract provided for, but one of a different make. Plaintiff agreed to provide the desired cooler upon condition that defendant pay plaintiff the sum of $70, in addition to the sum specified in the contract, which defendant agreed to do. The substituted cooler, together with the other machinery, was installed, this item being the only deviation from the written contract above referred to. The additional cost of the cooler brought the contract price to the sum of $945, and of this sum plaintiff received of defendant, through one E. S. Babue, of the Producer's Milk Company, to which firm defendant sold his milk, the sum of $728.25, thus leaving a balance of $216.75, with interest

as provided in the contract. Payments were made regularly by Babue on behalf of defendant up to the time when the amount indicated was paid, at which time defendant instructed Babue not to make any further payments on account of the contract, giving as a reason that he would take care of the balance himself. Although frequent demands were made upon defendant for the balance due, he refused to pay the same. On December 8, 1925, plaintiff commenced this action, claiming the property. It was taken possession of by the sheriff of Alameda County under the provisions of sections 509–511 of the Code of Civil Procedure, and later delivered to plaintiff, who still holds possession of the same. Under these facts the trial court found plaintiff to be the owner of the property and judgment was rendered accordingly, from which judgment this appeal is taken.

As grounds for reversal it is urged that the trial court erred in finding plaintiff to be the owner and likewise erred in making the judgment absolute, instead of fixing a day within which appellant should pay the balance found to be due upon an accounting, or be foreclosed of his interest in the property, it being contended that the contract was not one of conditional sale, but, on the contrary, was absolute with reservation of title merely by way of security. In support of this claim it is argued that the contract containing as it does a provision that, in the event of default on the part of the buyer, the seller may apply the proceeds of any resale toward the payment of the unpaid portion of the purchase price, the buyer then to be liable for any balance still remaining to be paid, prevents the reservation of title from being an absolute one and turns the retention of title into a retention by way of security merely; and that, this being so, the sale was not a conditional one and the buyer became the owner, and the seller was in the position of a mere mortgagee, for which reason the court erred in finding and adjudging ownership in the plaintiff and further erred in not giving the buyer a definite time in which to perform. We are cited to the case of *Atkinson* v. *Japink*, 186 Mich. 335 [152 N. W. 1079], as supporting this contention. Even conceding this case to be authority for the construction claimed, we do not think that the provision in any manner

changed the character of the contract. As was said in *Studebaker* v. *Witcher*, 44 Nev. 376 [204 Pac. 502], the case relied on is against the weight of authority from other jurisdictions (see cases there cited). As above indicated, there were other provisions in the contract relating to the security of the seller. He had the right thereunder in the event of default to (1) retake the property and terminate the contract; (2) to retake possession, resell the same and apply the proceeds received toward the payment of any balance due, or (3) to bring an action for the recovery of the purchase price. The case does not present the situation where a seller has exercised an option given him to declare the whole of the purchase price due and sue for the amount rather than for the recovery of the property itself. In such a case he may be said to have confirmed the title in the purchaser. Here plaintiff seeks to recover property, the title to which he has never divested himself. The mere right given to plaintiff under the contract to conclude all sums to be due when considered with the provision relating to the retention of title until payment was made does not in any manner affect the character of the instrument which is one of conditional sale. The clause is in complete harmony with the condition reserving title in plaintiff.

The outstanding characteristic of a conditional sale is the reservation of title by the seller. Under such a provision the seller is entitled to retake or recover possession of the property if the buyer fails to pay the purchase price or an installment thereof. Having defaulted whatever rights the buyer may have are terminated; and, by virtue of the title which the seller has retained, he is entitled to recover possession, and the mere fact that the contract provides for an alternative remedy in no manner qualifies or affects that right. Nor does it change or alter the character of the instrument as here claimed (*Bice* v. *Arnold*, 75 Cal. App. 629–635 [243 Pac. 468], and cases cited; *Silverstin* v. *Kohler & Chase*, 181 Cal. 51 [9 A. L. R. 1177, 183 Pac. 451]). The law of California favors conditional sales, and it should be the policy of the courts to afford every protection to upholding their conditions. (*Marker* v. *Williams*, 39 Cal. App. 674 [179 Pac. 735].) In clear and unambiguous language the contract here in-

·volved provides that the title to the property shall remain in the conditional vendor until the purchase price shall have been paid. This plain and definite provision is controlling. Defendant agreed to the terms and should be made to abide by them. The contract amounts to nothing more than a conditional sales contract, and it is not altered or changed by reason of the alternative remedy named. Practically the same provisions were contained in the contract under consideration in *Bice* v. *Arnold, supra,* where the contract was held to be one of conditional sale.

■ Nor is there any merit in the further claim that the written contract was abandoned by the parties and an oral one entered into at the time there was a substitution of the cooler. No such contention was made under the pleadings or at the trial nor at any other time. The change of this portion of the plant was made at defendant's own suggestion; he accepted the same and made the payments provided for under the contract up to the time he defaulted. Under these circumstances, he is in no position to raise such objection at this time.. The objection is without merit.

■ The same may be said of the claim that plaintiff had no right to specific relief without fixing a time in which defendant might avoid foreclosure. The rules as to forfeiture have no application to the question of the right to the possession of property. Forfeiture involves both the idea of losing property by a delinquent party and the transfer of it to another without the consent of the delinquent. Here no ownership was transferred, for plaintiff had never parted with his title. (*Hegler* v. *Eddy*, 53 Cal. 598; *Van Allen* v. *Francis*, 123 Cal. 476 [56 Pac. 339].) ■ To the suggestion that delay in the bringing of the action has affected plaintiff's rights, it is sufficient to say that this is a matter defendant should not be heard to complain of.

■ Accepting payments upon account of installments upon conditional sales contracts does not waive the provision making time of the essence of the contract, nor does it invalidate any part of the contract. (*Pacific Finance Co.* v. *Pierce,* 48 Cal. App. 601 [191 Pac. 1115]; *Los Angeles Fur Co.* v. *Hansen,* 46 Cal. App. 5 [188 Pac. 292].)

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.