[Civ. No. 1367.   Fourth Appellate District.—April 28, 1937.]

STOODY COMPANY (a Corporation), Respondent, v. VALLEY PIPE AND WELDING COMPANY (a Corporation), Appellant; C. FRED BAKER, Intervener and Appellant.

Brittan & Mack for Appellant.

No appearance for Intervener and Appellant.

Borton & Petrini and J. O. Revis for Respondent.

JENNINGS, J.—Plaintiff instituted this action in claim and delivery against the defendant to recover possession of certain machinery and equipment which it had contracted to sell to defendant under two contracts of conditional sale. Trial of the action before the court without a jury resulted in the entry of a judgment in plaintiff's favor whereby it was decreed that plaintiff should recover possession of the property mentioned in the complaint and that in case delivery of the property could not be had plaintiff should recover from defendant the specified value of said property. From the judgment thus rendered the defendant and the intervener, C. Fred Baker, have appealed. The latter appellant has filed no brief on appeal and apparently relies on the contentions advanced by the defendant Valley Pipe and Welding Company. Proper consideration of these contentions requires a statement of the facts that were developed by the evidence produced during the trial.

The two contracts of conditional sale set out in plaintiff's complaint were executed on January 16, 1929, and March 5, 1929. By the former contract plaintiff agreed to sell and defendant agreed to buy certain specified machinery and equipment for the sum of $3,801.61, of which amount the sum

of $500 was paid on the date the contract was executed and the remainder of the purchase price was to be paid in specified monthly instalments beginning on February 25, 1929. Each monthly payment scheduled to be made thereafter was to become due on the 25th day of the month. It was expressly provided that no condition of the contract should be deemed waived by the seller by any previous waiver or in any other manner except by a writing signed by an authorized.executive of the seller. It was agreed that if the buyer should perform all conditions and pay all sums required by the terms of the contract the seller would execute and deliver to the buyer a good and sufficient bill of sale to the property but that if the buyer should fail to perform any condition of the contract on its due date or should be declared a bankrupt or permit an attachment or execution to remain on the property for a period of 24 hours the seller might, at its option, repossess the property and in such event any sum theretofore paid by the buyer should be retained by the seller as the value of the use and rental of the property and its depreciation. It was further stated in the agreement that time was of the essence of the contract by express agreement of the parties. With the exception of the date of execution, the description of the property sold, the purchase price, the amount of each of the monthly instalments, and the date on which the first of such monthly payments should be made, the second contract is in all respects precisely similar to the first. On January 3, 1930, a contract entitled "Assignment to Trustees For Benefit of Creditors" was executed by defendant. Certain creditors of the defendant, including the plaintiff and the intervener, were mentioned in this contract as parties of the second part. This agreement was executed by the intervener and was apparently executed by plaintiff. This instrument will hereafter receive further consideration in connection with one of the contentions advanced by defendant on this appeal. Evidence as to which there is no conflict was produced which showed that at no time were the monthly payments specified in the contract of January 16, 1929, made on the dates on which they were due but that on November 15, 1929, all of such payments then due including the instalment due on October 25, 1929, had been made. The monthly instalments due on November 25, 1929, and December 25, 1929, were not paid and were past due when this action was commenced on February 6, 1930. The

uncontradicted evidence which was produced with respect to payments made by the defendant on the unpaid balance of the purchase price specified in the conditional sale contract of March 5, 1929, showed that the first payment was made on June 29, 1929. The amount of the payment was $445.38. At the time it was made three monthly instalments whose total amount was $710.37 were past due. One other payment of $222.69 was made on August 6, 1929, at which time the unpaid instalments that were past due on the purchase price amounted to $501.78. At the time the complaint in the present action was filed the total amount of unpaid and past due instalments on this contract was $1499.82. This amount comprised monthly payments due in July, August, September, October, November, and December of 1929 and the payment agreed to be made on January 25, 1930. In addition to these defaults with respect to the payment of monthly instalments the evidence also showed that on December 26, 1929, the intervener brought an action against the defendant claiming that the latter was indebted to him for goods, wares, merchandise, and labor furnished to defendant in the amount of $1959.40 and that on said date a writ of attachment issued and was levied on the equipment and machinery in defendant's place of business in the city of Bakersfield. The evidence also showed that a second attachment suit was filed against the defendant by another creditor on either January 22 or January 27, 1930.

The first contention advanced by the appellant, Valley Pipe and Welding Company, is that respondent waived its right to insist upon strict compliance with the terms of the conditional sales contracts requiring payment of monthly instalments to be made on specified dates by its acceptance of such payments on dates subsequent to those designated in the contracts. It is apparently urged that respondent was not entitled to maintain this action to repossess the property for appellant's default in the matter of making monthly payments because on a number of occasions respondent accepted payment of monthly instalments after they were due.

The contention thus advanced is entirely lacking in merit and may not prevail. In the first place, the appellant, Valley Pipe and Welding Company, did not either in its answer or in the cross-complaint which it filed in this action plead this alleged waiver as a defense to respondent's cause of action

or make it an issue in the case. This appellant is not now therefore entitled to rely upon it for the first time on appeal.

In the second place, if it be conceded that respondent waived its right to terminate the contracts and repossess the property for appellant's default in making certain payments on the due dates specified in the contracts by its acceptance of such payments on dates later than the due dates it did not thereby waive its right to insist that future payments should be made on the dates provided in the contracts. It is settled that the acceptance of overdue instalments on the purchase price of property sold under an executory contract does not of itself change the terms of the contract as to forfeiture for future failures nor eliminate a provision that time is of the essence of the contract. (*Benedict* v. *Greer-Robbins Co.*, 26 Cal. App. 468 [147 Pac. 486] ; *De Bairos* v. *Barlin*, 46 Cal. App. 665, 674 [190 Pac. 188] ; *Pacific Finance etc. Co.* v. *Pierce*, 48 Cal. App. 600 [191 Pac. 1115] ; *Brown* v. *Chowchilla Land Co.*, 59 Cal. App. 164 [210 Pac. 424] ; *McConnell* v. *Redd*, 86 Cal. App. 785, 790 [261 Pac. 506] ; *Christin* v. *Story*, 119 Cal. App. 326 [6 Pac. (2d) 301].)

The second and chief contention urged by appellant, Valley Pipe and Welding Company, relates to the instrument which was apparently executed by respondent on January 3, 1930, and which is entitled "Assignment To Trustees For Benefit of Creditors". The first paragraph of this document recites that it is made between the Valley Pipe and Welding Company as party of the first part, Stoody Company, Linde Air Products Company, Pacific Coast, and Fred Baker, parties of the second part, "and the several persons creditors of the Valley Pipe and Welding Company, a corporation, who have executed or shall hereafter execute, or accede to these presents, parties of the third part". The instrument then recites that whereas the party of the first part is indebted to divers persons in considerable sums of money which it is at present unable to pay in full and is desirous of conveying all its property for the benefit of all its creditors to designated trustees until all of its obligations shall have been paid, the said party of the first part "hereby grants, bargains, sells, assigns, and conveys" unto the persons named as trustees all its lands, property, etc., of every kind and character. The document then purports to empower the designated trustees at their direction to conduct the business of the Valley Pipe and

Welding Company to the end that the business may yield as much profit as can be derived for various specified purposes which may be condensed into a statement that the first party's debts and current expenses shall be paid and any surplus remaining shall be turned over to the Valley Pipe and Welding Company. The parties of the second part agree to employ the president of the last-mentioned corporation as manager of the business at a specified compensation. Various other provisions not material to the problem here under consideration and which need not therefore be mentioned are included in the instrument. There is, however, a clause upon which especial reliance is placed by appellant, Valley Pipe and Welding Company, and which is particularly important on this appeal. It is as follows: "Upon the due execution of this agreement by the respective parties of the first and second part, and upon a payment being made to Fred Baker of the second part, in the sum of Five Hundred Dollars ($500.00) in cash, the parties of the second part hereby agree to release any and all attachments now existing and to refrain from suing said party of the first part in full and faithful performance of the covenants herein mentioned." The instrument was executed by the Valley Pipe and Welding Company and by the intervener, Fred Baker. It was apparently executed also by the Linde Air Products Company, Pacific Coast, and by the respondent, although the trial court made a negative finding in this regard. It was not executed by any other creditor of the Valley Pipe and Welding Company. In our opinion it is at least doubtful whether or not the finding that the instrument was not executed by respondent has proper evidentiary support to sustain it. We prefer therefore to assume that it was executed by respondent and to give consideration to the hereafter stated contention of appellants on the basis of such an assumption.

It is urged by appellants that the above-described instrument constituted a complete and valid trust agreement executed by the Valley Pipe and Welding Company and its three largest creditors whereby all of the property and assets of the Welding Company were transferred to the trustees designated in the instrument for the benefit of all creditors of the Welding Company with the express consent and approval of the respondent and the two other creditors by whom the agreement was executed. It is maintained that the failure of smaller

creditors to join in the agreement is of no importance as it is said the evidence failed to show any dissatisfaction on their part with the terms of the agreement which it is argued respondent had to show in order to sustain its contention that the trust agreement was incomplete and invalid. It is particularly contended that the covenant by respondent not to sue the Valley Pipe and Welding Company is binding upon respondent and that respondent's execution of the agreement which included this covenant accomplished a waiver by respondent of its right to repossess the property which it had sold to the Welding Company by the two conditional sales contracts heretofore described. Some mention of the state of facts which existed at the time the agreement of January 3, 1930, was executed may be of assistance in giving proper consideration to this contention.

On the last-mentioned date the appellant Valley Pipe and Welding Company did not have sufficient funds to meet its current obligations. As above noted, it had defaulted in the payment of several monthly instalments which it had agreed to make by the terms of the two conditional sales contracts entered into with respondent. In addition to the amount which it owed respondent under these contracts it was also indebted to respondent in the sum of $1876.08 on an open book account. It owed the intervener the sum of $1959.40 and as heretofore stated an action for the recovery of this indebtedness had been brought on December 27, 1929. In addition to the three creditors of the Valley Pipe and Welding Company who signed the assignment to creditors instrument of January 3, 1930, and who were the largest creditors there were approximately 49 other general creditors to whom the Valley Pipe and Welding Company was indebted in a total amount which exceeded the sum of $5,000. This was the situation with respect to the financial condition of the Valley Pipe and Welding Company which existed on January 3, 1930.

It is our conclusion that the contentions of the appellants as to the effect produced upon respondent's cause of action by its execution of the assignment contract of January 3, 1930, may not be sustained. It is not contended, as we understand, that title to the property which was the subject of the conditional sales contracts passed to the Valley Pipe and Welding Company under the terms of these contracts. The language

of these agreements indicates that it was the intention of the parties thereto that title to the property should remain in the seller until the specified purchase price was fully paid by the buyer. When the agreement of January 3, 1930, was executed, therefore, the title to this property was not in the Valley Pipe and Welding Company but was in respondent and the language of the agreement whereby appellant purported to convey and assign to designated trustees all property of every character could not of itself operate to divest respondent of the title to the property which it had sold to appellant under conditional sales contracts that were in full force and effect. It would, in our opinion, be a most unusual and strained construction to place upon the instrument of assignment to declare that thereby respondent intended to relinquish its right to repossess its own property, a right expressly reserved to it by the provisions of the conditional sales agreements, particularly when it is remembered that respondent was not only the largest secured creditor of appellant but that it was also the second largest unsecured creditor, its claim in this capacity being only $83 less than the claim of the intervener. It must further be remembered that the contention of relinquishment and waiver of the right to retake the property was an affirmative defense raised by appellant and that upon appellant was imposed the burden of establishing this defense to the satisfaction of the trial court. This burden was not met merely by proof of the execution by respondent of the assignment agreement of January 3, 1930, containing the covenant not to sue. There is no reference in the last-mentioned agreement to the specific property covered by the conditional sales contracts and no limitation of the time within which the expressed purposes of the assignment agreement are to be consummated. Apart from this, however, it is apparently the position of appellants that the inclusion of the covenant not to sue obligated respondent to stand idly by even though creditors who had not assented to the agreement and who could not therefore be bound by it should by proper legal action enforce their claims by seizure and sale of all the property and assets of the debtor. So unreasonable a construction is not in our opinion warranted by the language of the instrument nor by the circumstances which surrounded its execution.

Appellants further contend that two defects which are fatal to the validity of the judgment rendered by the trial

court appear in the proceedings. These are, first, that respondent failed to join the two trustees named in the assignment to creditors agreement as parties defendant to the action and, second, that there is no evidence that a demand for surrender of the property sought to be repossessed was made upon the trustees.

It is our conclusion that this contention is devoid of merit. This conclusion necessarily follows from the heretofore expressed opinion that the assignment agreement of January 3, 1930, did not operate to vest title to the property sold under the conditional sales contracts in the trustees. If, as we think, the trustees did not acquire legal title to the property they were neither necessary nor proper parties to this action and no demand upon them for surrender of the property was necessary as a prerequisite to institution of the suit. ■ With respect to the feature of demand the trial court expressly found that demand for return of the property was made by respondent on appellant, Valley Pipe and Welding Company, on or about January 30, 1930, and that this appellant failed and refused to surrender possession in compliance with the demand so made. The record indicates that there is evidence to support the finding and it is our opinion that this is a sufficient answer to the contention respecting lack of demand. It may further be observed with regard to the objection that the trustees were not joined as defendants in this action that the trustee, Fred Baker, was permitted to intervene in the suit and to litigate fully his claims and that the other trustee, E. G. Cutshall, filed an answer to the complaint in intervention filed by his cotrustee. It is apparent therefore that the complaint of appellants relative to the failure of respondent to have included the trustees as parties defendant is entirely lacking in merit. The trustees were before the court and whatever rights they may have had as trustees were fully presented.

For the reasons stated the judgment from which the appeals have been taken is affirmed.

Barnard, P. J., Marks, J., concurred.