[Civ. No. 10738.   First Appellate District, Division Two.—July 6, 1938.]

J. M. ETIENNE et al., Appellants, v. MILLBRAE GOLF AND COUNTRY CLUB (a Corporation), Respondent.

Peter tum Suden and Richard tum Suden for Appellants.

Jesse H. Miller for Respondent.

SPENCE, *J.—Plaintiffs sued to recover possession of a refrigerating plant or the value thereof. The cause was tried before the court sitting without a jury and from a judgment in favor of defendant, plaintiffs appeal.

Said refrigerating plant was installed in the clubhouse of the Union League Golf and Country Club at the time the building was constructed in 1930. Said last-named club became financially involved and the real property of the club was sold on foreclosure to the West Coast Life Insurance Company in 1933. All of the furniture had been removed from the clubhouse at the time of the foreclosure. The defendant purchased the real property in 1933 from the West Coast Life Insurance Company for $132,000 "free and clear of all liens and encumbrances". The refrigerating plant remained at all times in the building and attached thereto. No demand of any kind was made upon defendant with respect thereto until August 28, 1935, at which time plaintiff claimed title thereto under a conditional sales contract with the Union League Golf and Country Club, upon which contract it claimed that nothing had been paid at any time.

The trial court found that said refrigerating plant "was installed by affixing the same to the said real property so that the same became, was and is a permanent fixture in said premises and is absolutely necessary to the operation of said clubhouse and cannot be removed without damage thereto". It further found, "That upon the purchase of said real property with the said fixtures attached thereto . . . defendant had no knowledge or information of the existence of the contract between plaintiffs and the Union League Golf and Country Club . . . " Further findings were made

showing that the first knowledge which defendant had of the contract or the claim of plaintiffs was obtained when plaintiffs made their claim on August 28, 1935.

Appellants do not question the sufficiency of the findings to support the judgment (*Dauch* v. *Ginsburg*, 214 Cal. 540 [6 Pac. (2d) 952]), but they apparently contend that the evidence was insufficient to support said findings. We find no merit in said contention. The evidence showed that a special room was built in the building at the time of its construction for the purpose of housing the refrigerating plant; that there were three compression units consisting of motors and the equipment connecting the same, which motors were fastened to the floor in concrete; that the compression units were connected by union joints to the water supply of the building and to the electrical energy system by means of copper wire through conduits; that these in turn were connected to the control board, which control board was attached to the building by means of bolts and screws; that the three refrigerating boxes were bolted on the wall and that the equipment could not be removed without damaging the building to which it had been affixed. This evidence was quite similar to that found in *Broadway Improvement etc. Co.* v. *Tumansky*, 2 Cal. (2d) 465 [41 Pac. (2d) 553] (see, also, *Frick* v. *Frigidaire Corp.*, 119 Cal. App. 707 [7 Pac. (2d) 321]), and there was certainly nothing in the evidence concerning the manner of installation or the circumstances surrounding the sale which, in the language of the authority relied upon by appellants (*Marker* v. *Williams*, 39 Cal. App. 674 [179 Pac. 735]) would give the purchaser "notice which suggested that this machinery was not what it appeared to be—an integral part of the real property . . . " In this connection it may be stated that it was stipulated at the trial that no conditional sales contract had ever been recorded.

In attacking the findings relating to lack of knowledge on the part of the respondent corporation concerning the conditional sales contract, appellants state the issue as follows: "Did the officers of the defendant club have knowledge of the conditional sales contract?" The evidence showed that the directors of respondent at the time of the purchase were three in number, namely James W. Corson, Vincent I. Compagno and Kingsley W. Cannon. Mr. Cannon died prior

to the trial and there was no testimony to show that he had any knowledge of said contract. Mr. Corson and Mr. Compagno both testified that they had no knowledge of the contract or of any claim of appellants at the time of the purchase. The only direct evidence on the subject was therefore all to the effect that said directors had no knowledge of the contract. Appellants take the position, however, that "the testimony upon which the findings were based is characterized by such inherent weakness as to justify the conclusion that it is insufficient to uphold the findings". We do not believe this position tenable. While it appeared that said directors had previously been members of the Union League Golf and Country Club and that Mr. Corson was at one time the president thereof, we find no such inherent weakness in the testimony of said directors as to warrant this court in setting aside the findings based upon such testimony.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.